21 F.3d 1111
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Randolph Anthony CHEVERS, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 93-70698.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 5, 1994.*
Decided April 12, 1994.
 
 Before: POOLE, BEEZER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Randolph Anthony Chevers, a native and citizen of Jamaica, petitions for review of the Board of Immigration Appeals' ("BIA") summary dismissal of his appeal from the immigration judge's ("IJ") decision finding him deportable as charged and denying his application for a waiver of deportation under section 212(c) of the Immigration and Nationality Act, 8 U.S.C. Sec. 1182(c). We have jurisdiction pursuant to 8 U.S.C. Sec. 1105(a), and we deny the petition for review.
 
 
 3
 Following the IJ's decision, Chevers timely filed a notice of appeal with the BIA, and indicated that he would file a brief on appeal. However, despite obtaining an extension of time to do so, Chevers failed to file a brief with the BIA. On July 30, 1993, the BIA summarily dismissed the appeal pursuant to 8 C.F.R. Sec. 3.1(d)(1-a)(i)(E)[1] because Chevers had neither filed the brief nor an explanation for his failure to do so.
 
 
 4
 The government contends that because Chevers has failed to raise any issues regarding the BIA's summary dismissal in his opening brief, he has waived the right to challenge the BIA's decision. This contention has merit.
 
 
 5
 "It is well established in this Circuit that claims which are not addressed in the appellant's brief are deemed abandoned." Collins v. City of San Diego, 841 F.2d 337, 339 (9th Cir.1988); accord Calderon-Ontiveros v. INS, 809 F.2d 1050, 1052 (5th Cir.1986). Here, Chevers has failed to raise in his opening brief any issues regarding the propriety of the BIA's summary dismissal. Moreover, Chevers has made no reply in this court to the government's waiver argument. We therefore conclude that Chevers has waived his right to challenge the BIA's summary dismissal. See Collins, 844 F.2d at 339.
 
 
 6
 In addition, "this court's review is limited to the decision of the BIA." Elnager v. INS, 930 F.2d 784, 787 (9th Cir.1991). Thus, we decline to consider Chevers's direct challenge to the IJ's decision.[2] See id.
 
 
 7
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 This section provides that:
 The Board may summarily dismiss any appeal in any case in which:
 (E) The party concerned indicates ... that he or she will file a brief or statement in support of the appeal and, thereafter, does not file such brief or statement, or reasonably explain his or her failure to do so, within the time set for filing.
 
 
 [8]
 C.F.R. Sec. 3.1(d)(1-a)(i)(E) (1993)
 
 
 [2]
 In his brief, Chevers contends that the IJ's decision violates the Constitutional guarantee of equal protection because aliens convicted of aggravated felonies such as armed robbery and murder are eligible to apply for a discretionary waiver under section 212(c), while aliens convicted of a non-aggravated crime such as the firearms violation for which he was convicted are statutorily ineligible. Although couched in constitutional terms, Chevers's argument turns "on a question of statutory interpretation," Wang Zong Xiao v. Barr, 979 F.2d 151, 155 (9th Cir.1992), within the purview of BIA proceedings. Chevers waived this argument by failing to present it to the BIA. See id