29 F.3d 633
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kelly Dean OSBORN, Plaintiff-Appellant,
v.
Tom McCAULEY, ex rel., Arizona Dept. of Corrections; Samuel
Lewis, Director, Arizona Department of
Corrections; Ray L. Heltzel, Field
Officer Supervisor,
Defendants-Appellees.
 No. 93-16988.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 6, 1994.*
Decided June 16, 1994.
 
 Before: TANG, PREGERSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Arizona state prisoner Kelly Dean Osborn appeals pro se the district court's dismissal of his 42 U.S.C. Sec. 1983 action pursuant to Fed.R.Civ.P. 37 for failure to participate in a court-ordered deposition. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We review for abuse of discretion, United States ex rel. Guam, Inc. v. Kahaluu Constr. Co., Inc., 857 F.2d 600, 603 (9th Cir.1988), and we affirm.
 
 
 3
 "It is well established in this Circuit that claims which are not addressed in the appellant's brief are deemed abandoned." Collins v. City of San Diego, 841 F.2d 337, 339 (9th Cir.1988). Here, although Osborn asserts in his opening brief that the district court erred by dismissing his action, he has failed to offer any arguments or authority to support his assertion. We therefore conclude that Osborn has waived his right to challenge the district court's dismissal. See id.
 
 
 4
 Osborn's remaining contentions on appeal lack merit. First, Osborn contends that the district court erred by dismissing prior to service of process Osborn's claims against Tom McCauley and Richard Romley, the attorneys who prosecuted his escape case, and Samuel Lewis, the Director of the Arizona Department of Corrections. The district court properly dismissed Osborn's claims against McCauley and Romley under the doctrine of prosecutorial immunity. See Ashelman v. Pope, 793 F.2d 1072, 1079 (9th Cir.1986) (en banc). The district court also properly dismissed Osborn's claim against Lewis because Osborn did not allege that Lewis personally engaged in any wrongful conduct. See Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 680 (9th Cir.1984) ("[a] supervisor cannot be held personally liable under Sec. 1983 for the constitutional deprivations caused by his subordinates, absent his participation or direction in the deprivation.").
 
 
 5
 Second, Osborn contends the district court erred by failing to remove the magistrate judge assigned to his case. Osborn argues that the magistrate judge lacked jurisdiction over his action because Osborn did not consent to the assignment of his case to a magistrate judge. Pursuant to 28 U.S.C. Sec. 636(b)(1)(A), however, a magistrate judge, subject to limited exceptions not applicable here, may hear and determine any pretrial matter pending before the court without the consent of the parties.
 
 
 6
 Finally, Osborn contends that the district court erred by not entering summary judgment in his favor when defendants failed timely to oppose his motion for summary judgment. Under the district court's local rules, a party opposing a motion for summary judgment has thirty days after service to file a response "unless otherwise ordered by the Court." Az.D.Ct.Loc.R. 11(1)(2). Here, the district court extended the defendants' time for filing their opposition to Osborn's motion for summary judgment, and subsequently stayed defendants' response until thirty days after the court's ruling on defendants' motion to dismiss. Because the district court granted defendants' motion to dismiss, Osborn's motion for summary judgment became moot and, thus, the defendants were not required to file an opposition to it. Furthermore, a district court abuses its discretion by granting a motion for summary judgment based on the non-moving party's failure to oppose the motion where the moving papers are insufficient to support the motion. Henry v. Gill Indus., Inc., 983 F.2d 943, 949-50 (9th Cir.1993). Here, Osborn's motion for summary judgment appears to be insufficient to support summary judgment.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3