34 F.3d 1072
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mable T. HUDSON, Plaintiff-Appellant,
v.
STOCKTON UNIFIED SCHOOL DISTRICT; Petrina K. Romo,
Defendants-Appellees.
 No. 93-17209.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 3, 1994.*
Decided Aug. 9, 1994.
 
 Before: WALLACE, Chief Judge, HUG and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Mable T. Hudson appeals the district court's summary judgment in favor of the Stockton Unified School District and Principal Petrina K. Romo[1] (collectively "District") in her employment discrimination action alleging race discrimination under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. Secs. 2000e to 2000e-17, and California state law. Hudson contends the district court erred by finding that she failed to raise a genuine issue of material fact regarding the District's proffered reasons for terminating her. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We review de novo a district court's grant of summary judgment. Lindahl v. Air France, 930 F.2d 1434, 1436 (9th Cir.1991). Viewing the evidence in the light most favorable to the nonmoving party, we determine whether any genuine issues of material fact exist. Williams v. Edward Apffels Coffee Co., 792 F.2d 1482, 1484 (9th Cir.1986).
 
 
 4
 * Background
 
 
 5
 Hudson is a black female elementary school teacher. In 1988, Hudson left her long-time position with the San Jose Unified School District and moved to the Stockton area. In 1989, Hudson began substitute teaching for several school districts in the area. Shortly thereafter, she was hired by the District as a first-year probationary teacher. She was assigned to a fifth grade class at Fillmore Elementary School. At the end of the 1989-90 school year, Hudson requested a transfer and was assigned to Hazelton Elementary School.
 
 
 6
 Hudson began working at Hazelton in September 1990. Pursuant to District policy, the administrators of Hazelton were required to conduct annual reviews of Hudson's performance as a probationary teacher. Hudson was formally observed on three occasions. The first observation was conducted by Assistant Principal Selina Horace on September 20, 1990. Assistant Principal Horace rated Hudson's teaching between "satisfactory" and "needs improvement." Assistant Principal Horace commented that Hudson lacked clear and direct instruction during her lesson presentation, she lacked clear objectives and purposes, she lacked classroom discipline and management and the children appeared confused and unclear as to their assignments. Hudson disagreed with the ratings and filed a union grievance to challenge the report.[2]
 
 
 7
 The second observation was conducted on January 15, 1991. Principal Romo rated Hudson's teaching performance at about 25% "satisfactory" and 75% "needs improvement." Principal Romo also commented that Hudson's objectives and the purpose of the lesson were unclear. She commented that the activities were presented in a confusing manner, the material was inappropriate for the grade level and that among other things, Hudson's teaching appeared to be getting worse rather than improving. Once again Hudson disagreed with the ratings and comments on the report. She wrote a rebuttal to the report.
 
 
 8
 The third observation was conducted February 4, 1991 by Principal Romo. Principal Romo rated Hudson's teaching as primarily "unsatisfactory," with a few "needs improvement" comments, and one "satisfactory" comment. During this time, Principal Romo also completed Hudson's "final evaluation" for the year. Principal Romo commented that Hudson exhibited the same problems with her lesson plan, teaching skills and classroom control as she had during the second observation. Hudson again took issue with both reports. Hudson met with the Assistant Superintendent of Personnel for the District and requested a transfer to another school. Her request was denied. Hudson then filed a second grievance alleging retaliation for filing her first grievance.
 
 
 9
 Principal Romo recommended to the District in a written report that the District not reelect Hudson to teach the following year. The District accepted Principal Romo's recommendation and issued a Notice of Non-Reelection to Hudson. Hudson's employment with the District was terminated after she finished teaching the 1990-91 school year. Hudson alleges that the District decided not to reelect her because of her race.
 
 II
 Race Discrimination
 
 10
 Title VII prohibits an employer from discriminating against any individual on the basis of race when making employment decisions. 42 U.S.C. Sec. 2000e-2(a)(1). Hudson argues that the School District's decision not to reelect her resulted in disparate treatment on the basis of race in violation of Title VII.
 
 
 11
 When the plaintiff establishes a prima facie case of employment discrimination, the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for the decision. See Collins v. City of San Diego, 841 F.2d 337, 339 (9th Cir.1988). If the employer articulates a legitimate, nondiscriminatory reason, the plaintiff must raise a genuine factual issue as to whether the proffered reason was a pretext for discrimination. Lindahl, 930 F.2d at 1437. The plaintiff "must produce specific facts either directly evidencing a discriminatory motive or showing that the employer's explanation is not credible." Id. at 1438. "A plaintiff cannot carry this burden simply by restating the prima facie case and expressing an intent to challenge the credibility of the employer's witnesses on cross-examination." Id.
 
 
 12
 Here, the district court found that Hudson had established a prima facie case of discrimination. The next inquiry is whether the District articulated legitimate, nondiscriminatory reasons for not reelecting Hudson. The District asserts that its decision not to reelect Hudson was based on formal evaluations of her teaching performance. The District asserts that Hudson's low ratings on each of her evaluations reflected poor teaching performance which justified the decision not to continue her employment. We conclude that the District met its burden of articulating a legitimate, nondiscriminatory reason for not reelecting Hudson. See Collins, 841 F.2d at 339 (action based upon performance problems which included judgment, attitude, maturity and acceptance of criticism was nondiscriminatory).
 
 
 13
 Hudson's allegations are reduced to a restatement of her prima facie case and her subjective personal judgment of her own competence. Such a challenge is insufficient to withstand a motion for summary judgment absent specific facts "evidencing discriminatory motive." See Lindahl, 930 F.2d at 1438. Accordingly, the district court properly granted summary judgment in favor of the District. Id. at 1437.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 It appears that Hudson may also be appealing the judgment in favor of defendant Romo individually. However, because individual defendants cannot be held liable under Title VII, appellant's claims against defendant Romo were properly dismissed. See Miller v. Maxwell's Int'l Inc., 991 F.2d 583, 587-88 (9th Cir.1993) (citing Padway v. Palches, 665 F.2d 965, 968 (9th Cir.1982)) (individual defendants cannot be held liable for damages under Title VII), cert. denied, 114 S.Ct. 1049 (1994)
 
 
 [2]
 The grievance was settled in part by granting Hudson's request to have her future observations conducted by Principal Petrina Romo, rather than Assistant Principal Horace