42 F.3d 1401
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Edward W. PRITCHETT, Plaintiff-Appellant,
v.
Marvin T. RUNYON, Postmaster General, United States Postal
Service; U.S. Postal Service; Robert Mysel,
Defendants-Appellees.
 No. 94-55210.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 1, 1994.*
Decided Nov. 4, 1994.
 
 Before: WALLACE, Chief Judge, GOODWIN and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Edward W. Pritchett appeals pro se the district court's denial of his motion to reverse the district court's summary judgment for the Postmaster General in Pritchett's employment discrimination action alleging race discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. Sec. 2000e et seq. Pritchett alleged that the Postal Service discriminated against him by denying his request for a transfer to another Postal Service facility and retaliated against him for his success before the Equal Employment Opportunity Commission ("EEOC") in a prior discrimination claim. We have jurisdiction under 28 U.S.C. Sec. 1291. We review de novo the district court's grant of summary judgment, Lindahl v. Air France, 930 F.2d 1434, 1436 (9th Cir.1991), and we affirm.
 
 
 3
 Viewing the evidence in the light most favorable to the nonmoving party, we must determine whether there are any genuine issues of material fact and whether the district court applied the correct substantive law. Tzung v. State Farm Fire and Cas. Co., 873 F.2d 1338, 1339-40 (9th Cir.1989).
 
 
 4
 Pritchett is an African-American male who was first employed as a mail handler with the Postal Service in 1982. He was terminated from the Postal Service in 1984, but successfully obtained reinstatement after the EEOC determined that Pritchett's termination was based on race discrimination. Pritchett returned to work in the same office. In 1989, Pritchett applied for a transfer to a letter carrier position in another office. The transfer office declined Pritchett's request. Pritchett filed a complaint with the EEOC alleging that he had been denied the transfer because of race discrimination. The EEOC investigated and determined there was no discrimination. The Postal Service later terminated Pritchett, and he filed this action in federal court. Upon defendant's motion for summary judgment, the district court concluded that although Pritchett established membership in a protected class and showed an adverse employment decision, Pritchett failed to establish race discrimination because after the Postal Service met its burden of providing a legitimate nondiscriminatory reason for refusing to transfer Pritchett, he failed to rebut the Postal Service's evidence. We agree.
 
 
 5
 To establish a prima facie case of intentional discrimination, the plaintiff has the burden of providing evidence "which gives rise to an inference of unlawful discrimination." Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981). "Once the plaintiff succeeds in establishing a prima facie case, the burden shifts to the employer to rebut the presumption of discrimination by 'articulating some legitimate, nondiscriminatory reason' for the adverse action." Fragante v. City & County of Honolulu, 888 F.2d 591, 595 (9th Cir.1989) (quoting Burdine, 450 U.S. at 254), cert. denied, 494 U.S. 1081 (1990).
 
 
 6
 Pritchett alleged that he had been denied a transfer because of race discrimination. In response, the Postal Service presented affidavits, declarations and documentary evidence that its decision not to transfer Pritchett was based on formal evaluations indicating poor performance and refusal to follow directions, his record of unexplained absences and consistent tardiness, and his excessive use of sick time. We conclude that the Postal Service met its burden of articulating a legitimate, nondiscriminatory reason for terminating Pritchett. See Collins v. City of San Diego, 841 F.2d 337, 339 (9th Cir.1988) (evidence of performance problems which included judgment, attitude and acceptance of criticism supports finding of nondiscrimination).
 
 
 7
 Because the Postal Service met its evidentiary burden, Pritchett was required to demonstrate that the Postal Service's explanations were a mere pretext for discrimination. Burdine, 450 U.S. at 254. Pritchett failed to produce any evidence permitting an inference that the Postal Service's reasons for refusing his transfer requests were pretextual. See Forsberg v. Pacific Northwest Bell Tel. Co., 840 F.2d 1409, 1419 (9th Cir.1988) ("purely conclusory allegations of alleged discrimination, with no concrete, relevant particulars, will not bar summary judgment"). Pritchett merely presented the court with his own conclusory statements and his subjective personal judgment of his own competence. This is insufficient to withstand a motion for summary judgment absent specific facts "evidencing a discriminatory motive." See Lindahl, 930 F.2d at 1438. Nor is Pritchett's intent to challenge the credibility of the Postal Service's witnesses sufficient to prove pretext. See id.
 
 
 8
 Pritchett also failed to provide any evidence of retaliation. His general belief, without any factual support, that Postal Service employees were aware of his 1984 EEOC complaint and engaged in harassment because of it, does not create a cognizable retaliation claim. See Jordan v. Clark, 847 F.2d 1368, 1376 (9th Cir.1988) (to succeed on a retaliation claim, plaintiff must demonstrate that he engaged in a protected activity, was thereafter subjected by his employer to adverse employment action, and that a causal link exists between the two). Pritchett presented no causal link between his prior successful EEOC complaint in 1984 and the denial of his transfer request in 1989. See id. The Postal Service produced evidence that the rejecting office had no knowledge of Pritchett's race or his prior discrimination complaint. Pritchett failed to rebut this evidence.
 
 
 9
 Accordingly, the district court properly granted summary judgment for the Postmaster. Id. ; see also St. Mary's Honor Ctr. v. Hicks, 113 S.Ct. 2742, 2747 (1993) (under Title VII, the ultimate burden of persuading the trier of fact that the employer intentionally discriminated "remains at all times with the plaintiff).
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Pritchett's motion for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We note that Pritchett did not exhaust his wrongful termination claim before the EEOC. Therefore, we cannot consider the merits of this claim. See 42 U.S.C. Sec. 2000e-16; Vinieratos v. United States Dep't of the Air Force, 939 F.2d 762, 768 (9th Cir.1991) (federal employees must timely exhaust their administrative remedies before initiating a lawsuit alleging employment discrimination against the government). We have considered and reject as frivolous all of Pritchett's remaining contentions, motions and requests on appeal