60 F.3d 834
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Lawrence D. ROSS, Plaintiff-Appellant,
v.
ROCKWELL INTERNATIONAL CORPORATION, Defendant-Appellee.
 No. 94-55784.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 26, 1995.*
Decided July 3, 1995.
 
 Before: O'SCANNLAIN, LEAVY and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lawrence D. Ross appeals pro se the district court's summary judgment dismissal of his actions alleging race discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. Sec. 2000e et seq. We have jurisdiction under 28 U.S.C. Sec. 1291. We review de novo the district court's grant of summary judgment, Forsberg v. Pacific Northwest Bell Tel. Co., 840 F.2d 1409, 1413 (9th Cir. 1988), and we affirm.
 
 
 3
 To establish a prima facie case of intentional discrimination, the plaintiff must provide evidence "which gives rise to an inference of unlawful discrimination." Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981). "Once the plaintiff succeeds in establishing a prima facie case, the burden shifts to the employer to rebut the presumption of discrimination by 'articulating some legitimate, nondiscriminatory reason' for the adverse action." Fragante v. City & County of Honolulu, 888 F.2d 591, 595 (9th Cir. 1989) (quoting Burdine, 450 U.S. at 254), cert. denied, 494 U.S. 1081 (1990).
 
 
 4
 Here, Ross stated in his complaints that he was an African-American male who was laid off and refused training by Rockwell because of his race. In response, Rockwell presented affidavits, declarations and documentary evidence that Ross was denied computer training due to machinery unavailability during the hours Ross worked, and that Ross was laid off based on formal evaluations indicating poor performance and refusal to follow directions. The district court properly concluded that Rockwell met its burden of articulating a legitimate, nondiscriminatory reason for its adverse employment actions. See Collins v. City of San Diego, 841 F.2d 337, 339 (9th Cir. 1988) (evidence of performance problems which included judgment, attitude and acceptance of criticism supports finding of nondiscrimination).
 
 
 5
 Because Rockwell met its evidentiary burden, Ross was required to demonstrate that Rockwell's explanations were a mere pretext for discrimination. Burdine, 450 U.S. at 254. Ross failed to produce any evidence in response to the summary judgment motion. The district court properly noted that Ross's conclusory statements that he had been discriminated against and his subjective personal judgment of his own competence, unsupported by any evidence, was not sufficient to avoid summary judgment. See Forsberg, 840 F.2d at 1419 ("purely conclusory allegations of alleged discrimination, with no concrete, relevant particulars, will not bar summary judgment"). Accordingly, the district court properly granted summary judgment for Rockwell. Id.; see also St. Mary's Honor Ctr. v. Hicks, 113 S. Ct. 2742, 2747 (1993) (under Title VII, the ultimate burden of persuading the trier of fact that the employer intentionally discriminated "remains at all times with the plaintiff").
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4. Accordingly, appellant's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3