61 F.3d 910
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Nameer Yacoub GEBRAAL, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70368.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 17, 1995.*
Decided July 20, 1995.
 
 On Petition for Review of an Order of the Board of Immigration Appeals, No. Ayc-uxf-nsr.
 B.I.A.
 
 
 1
 PETITION Denied.
 
 
 2
 Before: FLETCHER, KOZINSKI and THOMPSON, Circuit Judges.
 
 
 3
 MEMORANDUM**
 
 
 4
 Nameer Yacoub Gebraal, a native and citizen of Iraq, petitions for review of the Board of Immigration Appeals' ("BIA") summary dismissal for lack of specificity of his appeal from an immigration judge's ("IJ") decision denying his application for asylum. He also seeks review of the BIA's dismissal of his appeal from the IJ's decision denying his application for suspension of deportation. We deny the petition for review.
 
 
 5
 The government contends that because Gebraal has failed to raise any issues regarding the BIA's summary dismissal of his asylum claim in his opening brief, he has waived the right to challenge that part of the BIA's decision. This contention has merit.
 
 
 6
 "It is well established in this Circuit that claims which are not addressed in the appellant's brief are deemed abandoned." Collins v. City of San Diego, 841 F.2d 337, 339 (9th Cir. 1988); accord Calderon-Ontiveros v. INS, 809 F.2d 1050, 1052 (5th Cir. 1986). Here, Gebraal has failed to raise in his opening brief any issues regarding the propriety of the BIA's dismissal of his asylum claim for lack of specificity. Moreover, he has made no reply in this court to the government's waiver argument. We therefore conclude that Gebraal has waived his right to challenge the BIA's dismissal of his appeal as to that claim. See Collins, 844 F.2d at 339.
 
 
 7
 Gebraal also contends the BIA erred by affirming the immigration judge's ("IJ") denial of his application for suspension of deportation under section 244(a)(1) of the Immigration and Nationality Act ("INA"), 8 U.S.C. Sec. 1254(a)(1) on the ground that he failed to demonstrate "extreme hardship."
 
 
 8
 To establish a prima facie case for suspension of deportation under section 244(a), an alien must satisfy three threshold requirements: (1) continuous physical presence in the United States for not less than seven years; (2) good moral character; and (3) extreme hardship to the alien, or to the alien's United States citizen or lawful permanent residence spouse, parent, or child, if the alien is deported. Bu Roe v. INS, 771 F.2d 1328, 1333 (9th Cir. 1985). The alien bears the burden of demonstrating eligibility for relief under section 244(a). Id. We review the BIA's decision for abuse of discretion. Id. The BIA has the authority to construe "extreme hardship" narrowly. INS v. Wang, 450 U.S. 139, 145 (1981).
 
 
 9
 Here, the BIA did not abuse its discretion when it adopted the IJ's finding that Gebraal had not demonstrated "extreme hardship" and thus had not established a prima facie case for suspension of deportation. Gebraal asserts the IJ failed to adequately consider the effect of his deportation on his young citizen son, his parents and his siblings. The fate of citizen children is an important factor in the determination of extreme hardship. Castillo-Perez v. INS, 809 F.2d 1419, 1422 (9th Cir. 1987). To establish extreme hardship, however, the alien must show a more severe impact than the common results of deportation and separation. Hassan v. INS, 927 F.2d 465, 468 (9th Cir. 1991).
 
 
 10
 Our review indicates the IJ carefully considered the effect of deportation on Gebraal's young son, but noted that the boy is in good health and Gebraal and his second wife recently divorced and his wife has moved to another town where she resides with Gebraal's son. The IJ also considered Gebraal's family ties to his brother, to his lawful permanent resident parents, and that Gebraal has resided in the United States for a third of his life. The IJ balanced these factors against Gebraal's extensive family ties in Iraq where other siblings and family members reside, the family owns property and where his parents recently returned. The IJ also noted that Gebraal enjoys good health, does not support his parents, and that his education and experience demonstrated his ability to adapt to new situations.
 
 
 11
 Given these circumstances, we cannot say that the IJ abused his discretion by concluding that Gebraal did not demonstrate extreme hardship. See Hassan, 927 F.2d at 468. The IJ considered all the relevant factors relating to extreme hardship to Gebraal and set forth the reasons in support of the discretionary denial of suspension of deportation. See Bu Roe, 771 F.2d at 1333.
 
 
 12
 PETITION DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3