66 F.3d 334
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael Theodore BEAR, Plaintiff-Appellant,
v.
STATE OF WASHINGTON, Defendant-Appellee.
 No. 95-35494.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 5, 1995.*
Decided Sept. 8, 1995.
 
 Before: GOODWIN, WIGGINS, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael Theodore Bear appeals pro se the district court's 28 U.S.C. Sec. 1915(d) dismissal of his 42 U.S.C. Sec. 1983 civil rights action against the State of Washington, Judge Robert Alsdorf, the King County Police Department, several unknown Police Officers, Robert Chiofar, Sr., and Helma Flagg. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We review for abuse of discretion, Denton v. Hernandez, 504 U.S. 25, 33 (1992), and we affirm.
 
 
 3
 Bear contends that the district court erred by dismissing his claim against Judge Alsdorf because Bear's claim had an arguable basis in law. Specifically, Bear contends that Judge Alsdorf is not entitled to immunity because he violated court rules. This contention lacks merit.
 
 
 4
 It is well-established that judges are immune from liability for damages under section 1983 for acts performed within the scope of their judicial duties. Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir.1986). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of jurisdiction." Stump v. Sparkman, 435 U.S. 349, 356 (1978) (internal quotations omitted).
 
 
 5
 Here, Bear's complaint alleged that Superior Court Judge Robert Alsdorf violated Bear's constitutional rights by denying Bear in forma pauperis status in a state court proceeding. Bear further alleged in his amended complaint that Judge Alsdorf violated Bear's rights by ordering Bear's file to be sealed preventing Bear from appealing an adverse decision to the state appellate court.
 
 
 6
 Bear's allegations involved acts allegedly committed by Judge Alsdorf within the scope of Judge Alsdorf's judicial duties and not in the clear absence of all jurisdiction. Therefore, Judge Alsdorf was entitled to absolute judicial immunity. Stump, 435 U.S. at 356; Ashelman, 793 F.2d at 1075. Accordingly, the district court properly dismissed Bear's claim against Judge Alsdorf. Neitzke v. Williams, 490 U.S. 319, 324 (1989).
 
 
 7
 We also reject Bear's contention that the district court erred by dismissing his claim against the State of Washington because the State of Washington is not a "person" within the meaning of section 1983. See Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989).
 
 
 8
 To the extent that Bear contends that the magistrate judge erred by denying Bear's request for counsel, we reject this contention because Bear failed to show that exceptional circumstances warranted granting his request. Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir.1986).
 
 
 9
 Because Bear failed to raise any issues on appeal with respect to his remaining claims, those claims are deemed abandoned. See Collins v. City of San Diego, 841 F.2d 337, 339 (9th Cir.1988).
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3