110 F.3d 69
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jose ROSAS-ARROYO; Norma Watanabe; Jose Rosas-Watanabe;
Marco Antonio Rosas-Watanabe, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70313.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 24, 1997.*
Decided March 27, 1997.
 
 On Petition for Review of an Order of the Board of Immigration Appeals, Nos. Arp-wwo-uiz, Ael-xkq-fdc, Any-zho-fpv, Atc-lvk-gwy.
 B.I.A.
 REVIEW DENIED.
 Before: SNEED, FARRIS, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jose Rosas-Arroyo, his wife, Norma Watanabe, and their two children, Jose and Marco (hereinafter "Rosas-Arroyo"), all natives and citizens of Peru, petition for review of the Board of Immigration Appeals' ("BIA") decision affirming the order of an immigration judge ("IJ") denying their applications for asylum and withholding of deportation under sections 208(a) and 243(h) of the Immigration and Nationality Act ("the Act"), 8 U.S.C. §§ 1158(a) & 1253(h). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition.
 
 
 3
 The government contends that, because Rosas-Arroyo has failed to raise any issues regarding the BIA's dismissal in his opening brief, he has waived the right to challenge the BIA's decision. We agree.
 
 
 4
 "It is well established in this Circuit that claims which are not addressed in the appellant's brief are deemed abandoned." Collins v. City of San Diego, 841 F.2d 337, 339 (9th Cir.1988). Moreover, we have held that a petitioner waives an issue by failing to address how the BIA abused its discretion. Martinez-Serrano v. INS, 94 F.3d 1256, 1260 (9th Cir.1996).
 
 
 5
 Here, Rosas-Arroyo, represented by counsel, has failed to raise in his opening brief any issues regarding the propriety of the BIA's denial of his applications for asylum and withholding of deportation. Moreover, he has made no reply in this court to the government's waiver argument. We therefore conclude that Rosas-Arroyo has waived his right to challenge the BIA's denial of his applications for asylum and withholding of deportation. See Collins, 841 F.2d at 339; Martinez-Serrano, 94 F.3d at 1260.
 
 
 6
 In addition, "this court's review is limited to the decision of the BIA." Elnager v. INS, 930 F.2d 784, 787 (9th Cir.1991). Thus, we decline to consider Rosas-Arroyo's challenge to the IJ's decision. See id.
 
 
 7
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3