120 F.3d 268
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Regalado Labrador FERNANDO, Jr.; Arsenia Arcala Fernando;
Pamela Arcala Fernando; Kristan Joseph Arcala
Fernando, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70798.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 22, 1997**
July 24, 1997.
 
 On Petition for Review of an Order of the Board of Immigration Appeals
 Before: HUG, Chief Judge, KOZINSKI and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Regalado Labrador Fernando, Jr., his wife and their two children, all natives and citizens of the Philippines, petition for review of the Board of Immigration Appeals' ("BIA") decision affirming the order of an immigration judge denying their applications for asylum and withholding of deportation under sections 208(a) and 243(h) of the Immigration and Nationality Act ("the Act"), 8 U.S.C. §§ 1158(a) and 1253(h). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition.
 
 
 3
 "[C]laims which are not addressed in the appellant's brief are deemed abandoned." Collins v. City of San Diego, 841 F.2d 337, 339 (9th Cir.1988); see also Martinez-Serrano v. INS, 94 F.3d 1256, 1259-60 (9th Cir.1996) (holding that issues not discussed in the argument portion of opening brief are deemed waived). Here, the BIA found that Fernando's asylum claim was subject to mandatory denial because he was "firmly resettled" in Papua New Guinea prior to his entry to the United States. See 8 C.F.R. § 208.14(d)(2) (1997) (stating that an application for asylum "shall be denied" if the applicant has been firmly resettled). Because Fernando, represented by counsel, does not argue in his opening brief the issue of "firm resettlement," he has waived his right to challenge the BIA's denial of his asylum application. See Collins, 841 F.2d at 339; Martinez-Serrano, 94 F.3d at 1259-60.
 
 
 4
 Fernando contends that the BIA erred in finding that he was not eligible for withholding of deportation. This contention lacks merit.
 
 
 5
 We review the BIA's denial of withholding of deportation for substantial evidence. See Kazlauskas v. INS, 46 F.3d 902, 907 (9th Cir.1995). To qualify for withholding of deportation, an alien must demonstrate a "clear probability of persecution." INS v. Stevic, 467 U.S. 407, 413 (1984). This standard can be met only by showing that it is more likely than not that the alien would be subject to persecution on account of one of the enumerated statutory grounds if deported. See id. at 429-30; Kazlauskas, 46 F.3d at 907; see also Sangha v. INS, 103 F.3d 1482, 1490-91 (9th Cir.1997) (requiring alien to show by direct or circumstantial evidence that persecution occurred "on account of" his political beliefs for purposes of asylum claim).
 
 
 6
 Here, Fernando testified that the New People's Army ("NPA"), the military wing of the Communist Party in the Philippines repeatedly demanded that he contribute cash and supplies to their organization and threatened to harm him and his family if he did not comply with their demands. However, Fernando failed to offer any direct or circumstantial evidence that the NPA acted "on account of" Fernando's political opinion. See Sangha, 103 F.3d at 1490-91; see also Kazlauskas, 46 F.3d at 907 (stating that the "clear probability" standard required for withholding of deportation is more stringent than the "well-founded fear" standard required for asylum). Evidence in the administrative record shows that the NPA was not motivated by Fernando's political opinion, but rather by economic considerations. See Sangha, 103 F.3d at 1490-91.
 
 
 7
 PETITION DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3