122 F.3d 1070
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Anthony CROSS; Steven Sadler, Plaintiffs-Appellants,
v.
Charles WOLFF, JR.; Cheryl Lau; David E. Watson; Donald
S. Kwalick; Frankie Sue Del Papa; Richard Saize;
Robert Miller; Ronald Angelone; and
Sherman Hatcher, Defendants-Appellees.
 No. 96-16046.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 25, 1997.**
Decided Aug. 29, 1997.
 
 Appeal from the United States District Court for the District of Nevada, D.C. No. CV-93-00290-HDM/PHA; Howard D. McKibben, District Judge, Presiding.
 Before: SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Anthony Cross and Steven Sadler, Arizona state prisoners, appeal pro se the district court's grant of summary judgment in this 42 U.S.C. § 1983 class action alleging inadequate ventilation in violation of the Eighth Amendment.
 
 
 3
 On June 17, 1997, because it appeared from the present record that Cross and Sadler were not members of the class, we served an order on appellants to show cause why this appeal should not be dismissed for lack of jurisdiction. We conclude that Sadler's response to this order is sufficient to establish that we have jurisdiction to consider his appeal. We also conclude, however, based on Sadler's transfer to another prison, that Sadler's appeal from the district court's grant of summary judgment on his claims for declaratory and injunctive relief are now moot. Cross has not responded to our order to show cause. Accordingly, we have jurisdiction to consider only Sadler's appeal concerning his claim of damages, and we dismiss the remainder of Sadler's appeal and Cross's appeal in its entirety. Given that Sadler is a pro se litigant and is not the certified representative of the class, we lack jurisdiction to resolve anything other than the arguments he can raise on his own behalf.
 
 
 4
 With respect to Sadler's appeal concerning his claim for damages, because appellant's opening brief merely asks "Did the district court properly enter judgment?" under the heading of issues on appeal, we conclude that Sadler has failed to address the only issue over which we have jurisdiction. See Pierce v. Multnomah Co., 76 F.3d 1032, 1037 n. 3 (9th Cir.), cert. denied, 117 S.Ct. 1159 (1996); Collins v. City of San Diego, 841 F.2d 337, 339 (9th Cir.1988); see also Neitzke v. Williams, 490 U.S. 319, 330 n. 9 (1989) (stating that obligation of courts to liberally construe pro se pleading "applies only to a plaintiff's factual allegations"); cf. Ivey v. Board of Regents of the University of Alaska, 673 F.2d 266, 268 (9th Cir.1982) ("[A] liberal interpretation of a civil rights compliant may not supply essential elements of the claim that were not initially pled."). Accordingly, we affirm the district court's grant of summary judgment.
 
 DISMISSED in part and AFFIRMED in part.[1]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Because of our disposition of this appeal, we do not consider the applicability, if any, of the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996), to this appeal