127 F.3d 1106
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jorge Luis Rivas RIOS, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70896.
 United States Court of Appeals, Ninth Circuit.
 Submitted October 20, 1997**
Decided Oct. 24, 1997.
 
 Before: THOMPSON, T.G. NELSON, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Jorge Luis Rivas-Rios, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the order of an immigration judge ("IJ") denying his application for asylum and withholding of deportation under §§ 208(a) and 243(h) of the Immigration and Nationality Act 8 U.S.C. § 1158(a) and 1253(h). we have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition.
 
 
 3
 Rivas-Rios contends that the BIA erred by finding that he had not produced sufficient evidence to establish either past persecution or a well-founded fear of persecution. We disagree.
 
 
 4
 To be eligible for asylum, a petitioner must show either past persecution or a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. See 8 U.S.C. § 1101(a)(42)(A). A well-founded fear of persecution must be subjectively genuine and objectively reasonable. See Berroteran-Melendez v. INS, 955 F.2d 1251, 1256 (9th Cir.1992). A petitioner's candid, credible and sincere testimony demonstrating a genuine fear satisfies the subjective component of the well-founded fear standard. See id.
 
 
 5
 WE review credibility findings for substantial evidence, and we must uphold the BIA's adverse credibility finding "unless the evidence presented compels a reasonable factfinder to reach a contrary result." See Lopez-Reyes v. INS, 79 F.3d 908, 911 (9th Cir.1996). Although the BIA's credibility finding is entitled to "substantial deference," it must be supported by "a specific, cogent reason." See Berroteran-Melendez, 955 F.2d at 1256.
 
 
 6
 Here, the BIA found that Rivas-Rios's testimony was not credible, and on that basis, dismissed his appeal. Rivas-Rios has failed to challenge that determination on appeal to this court, and therefore, has abandoned this issue. See Collins v. City of San Diego, 841 F.2d 337, 339 (9th Cir.1988).
 
 
 7
 Even if Rivas-Rios did not abandon the credibility issue, substantial evidence supports the BIA's adverse credibility finding. The BIA noted several substantial inconsistencies between Riva-Rios's asylum application and his testimony. Specifically, Rivas-Rios testified that he was the secretary of the Teachers Union, a member of three political parties, and a mayoral candidate for the Front of the Republicans of Guatemala. Rivas-Rios's asylum application, however, contained no such claims. In addition, Rivas-Rios testified that he was personally threatened by government officials and guerilla soldiers on numerous occasions. His asylum application, however, made no mention of receiving such threats. These discrepancies involved the very heart of Rivas-Rios's asylum claim and support the negitive credibility finding. See de Leon-Barrios v. INS, 116 F.3d 391, 393-49 (9th Cir.1997). Because Rivas-Rios failed to present credible evidence establishing either past persecution or a well-founded fear of persecution, we affirm the BIA's dismissal of Rivas-Rios's appeal. See id.
 
 
 8
 Because Rivas-Rios failed to demonstrate a well-founded fear of persecution required for asylum, we need not address whether he would meet the more stringent standard of a clear probability of persecution required for withholding of deportation, See DeValle v. INS, 901 F.2d 787, 790 (9th Cir.1990).
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3