Leslie D. **COLLINS, Plaintiff–Appellant,**

v.

**CITY OF SAN DIEGO,**
**Defendant–Appellee.**

No. 87–5783.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 10, 1987.

Decided March 10, 1988.

---

**3.** Appellants do not request fees for time spent on the NMFA claim on which they did not prevail.

Wallace R. Nugent, San Diego, Cal., for plaintiff-appellant.

John W. Witt, City Atty., and Alan L. Geraci, Deputy City Atty., San Diego, Cal., for defendant-appellee.

Before WALLACE, NORRIS and DAVID R. THOMPSON, Circuit Judges.

THOMPSON, Circuit Judge:

Leslie D. Collins filed this sex discrimination case in the district court against the City of San Diego (the City) following her termination as a police officer for the San Diego Police Department. In her complaint, Collins alleged claims based upon Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (Title VII), and the Civil Rights Act of 1871, 42 U.S.C. § 1983. Both claims were litigated in the same trial. The Title VII claim was tried by the court. The section 1983 claim was tried to a jury. Both claims were resolved in favor of the City. Collins appeals from the district court's judgment in the Title VII case and

from the judgment entered on the jury verdict in her 1983 action. She contends the district court erred in instructing the jury in the 1983 case. Collins also challenges the district court's denial of her motion for judgment notwithstanding the verdict and denial of her motion for a new trial in the 1983 action. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

## I

## FACTS

Leslie D. Collins graduated from the San Diego Police Academy in July of 1980. During three months of field training following graduation, she received generally satisfactory performance evaluations. In December 1980, Collins was assigned as a patrol officer to a squad supervised by Sergeant Doyle Wheeler. Collins contends that shortly after coming under Sergeant Wheeler's supervision he began making comments to her with "sexual overtones" and threatened her with poor evaluations if she refused to have an affair with him.

In March 1981, Collins filed a complaint with the San Diego Police Department's Internal Affairs Division. She claimed that she had received a series of poor performance evaluations because she had declined Sergeant Wheeler's sexual advances. After investigating her complaint, Internal Affairs concluded that her allegations of sexual harassment were unfounded. Collins' employment was terminated June 12, 1981. The record reflects that during her service as a patrol officer, Collins was repeatedly counseled by superior officers for incidents in which she demonstrated poor judgment and immaturity in the performance of her duties. These incidents were reflected in a series of "improvement needed" evaluations and officer reports concerning recurring problems in the areas of judgment, attitude, driving, maturity, acceptance of criticism, and physical fitness.

The reasons given for Collins' termination were incompetence and inefficient performance of duty. This determination was upheld in a post-termination hearing.

On June 18, 1982, Collins filed a sexual harassment charge with the Equal Employment Opportunity Commission (EEOC). She was given a "right to sue" letter and filed suit against the City alleging sexual discrimination in employment. She did not include Sergeant Wheeler or anyone other than the City of San Diego as a defendant in her lawsuit.

## II

## ANALYSIS

### A. *The Title VII Claim*

■ Collins contends in her opening brief that she is appealing from the district court's judgment on her Title VII claim, but she offers no argument and presents no authority on this issue. It is well established in this Circuit that claims which are not addressed in the appellant's brief are deemed abandoned. *See Kates v. Crocker Nat. Bank,* 776 F.2d 1396, 1397 n. 1 (9th Cir.1985). *See also Simpson v. Union Oil Co. of Cal.,* 411 F.2d 897, 900 n. 2 (9th Cir.), *rev'd on other grounds,* 396 U.S. 13, 90 S.Ct. 30, 24 L.Ed.2d 13 (1969) (Issues not discussed in briefs, although referred to in statement of case and specifications of error, are deemed abandoned and need not be considered).

■ Even were we to decide that Collins had not abandoned her Title VII claim on appeal, that claim is time barred because she failed to file a charge with the EEOC within the appropriate filing period of 42 U.S.C. § 2000e–5(e).[1] And in any event, the district court's finding that the City did not discriminate against Collins is not clearly erroneous. *See Kimbrough v. Secretary of United States Air Force,* 764 F.2d 1279, 1281 (9th Cir.1985) (after a Title

---

1. Section 706(e) of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(e), states:

A charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice ... except that in a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a State or local agency ... such charge shall be filed ... within three hundred days after the unlawful employment practice occurred....

VII case has been fully tried, we review a district court's finding of discrimination under the clearly erroneous standard). The district court received into evidence and considered the Internal Affairs investigation report, the Police Department's evaluations of Collins, and heard the testimony of numerous witnesses. The evidence established that Collins was not discriminated against, but rather was terminated due to her poor performance as a police officer.

## B. *The Section 1983 Claim*

Collins contends that the district court's instructions to the jury on her claim under 42 U.S.C. § 1983 were erroneous. The district court instructed the jury:

> Plaintiff claims that the City of San Diego violated Section 1983 of Title 42 of the United States Code. That section entitles a person to recover damages against a public entity that maintains an unlawful policy or custom.
>
> In this case plaintiff claims that, while she was employed by City of San Diego, she was discharged because she was a woman and would not succumb to the sexual advances of Sgt. Doyle Wheeler. To prove her claim, plaintiff must prove the following six things by a preponderance of the evidence:
>
> First, plaintiff was employed by the City of San Diego.
>
> Second, evidence of a formal policy, custom or action by a high-ranking policy-maker.
>
> Third, conduct of sexual harassment as a result of the policy, custom or action by a high-ranking policy-maker.
>
> Fourth, that the policy, custom or action by a high-ranking policy-maker is intentionally designed to discriminate on the bases [sic] of gender.
>
> Fifth, as a result of that policy, custom or action by a high-ranking policy-maker, plaintiff was discharged.
>
> Sixth, plaintiff suffered damages.

Collins argues this instruction was improper because it did not inform the jury that the municipality could be held liable on a theory of *respondeat superior.* Collins'

proposed jury instruction, which the district court rejected, reads in pertinent part:

> Defendant CITY OF SAN DIEGO as an employer is responsible for its acts and those of its agents and supervisory employees with respect to sexual harassment, regardless of whether the specific acts complained of were authorized or even forbidden by the employer and regardless of whether the employer knew or should have known of their occurrence.

■ We review de novo the question whether a district court's instruction to the jury on a matter of law is erroneous. *999 v. C.I.T. Corp.,* 776 F.2d 866, 871 (9th Cir. 1985). "We must consider whether the instruction is misleading or states the law incorrectly to the prejudice of the objecting party." *Kisor v. Johns–Manville Corp.,* 783 F.2d 1337, 1340 (9th Cir.1986).

■ In support of her argument that the district court should have given a *respondeat superior* instruction, Collins cites two Ninth Circuit cases, *Miller v. Bank of America,* 600 F.2d 211 (9th Cir.1979) and *Mitchell v. Keith,* 752 F.2d 385 (9th Cir.), *cert. denied,* 472 U.S. 1028, 105 S.Ct. 3502, 87 L.Ed.2d 633 (1985). These cases hold that an employer may be liable for a violation of Title VII and 42 U.S.C. § 1981 under the doctrine of *respondeat superior* "where the action complained of was that of a supervisor, authorized to hire, fire, discipline or promote, or at least to participate in or recommend such actions...." *Miller,* 600 F.2d at 213. Neither of these cases, however, provides support for Collins' argument in her 1983 case. Although liability of a municipality can be predicated upon a theory of *respondeat superior* in both Title VII and section 1981 actions, liability of a municipality cannot be predicated upon *respondeat superior* in an action brought under 42 U.S.C. § 1983. *Monell v. Department of Social Services,* 436 U.S. 658, 691, 98 S.Ct. 2018, 2036, 56 L.Ed. 2d 611 (1978).

In *Monell,* the Supreme Court held that municipalities and other local governmental units can be held liable under 42 U.S.C. § 1983. However, the Court limited this

liability to injuries inflicted pursuant to government "policy" or "custom." *Id.* at 690–91, 98 S.Ct. at 2035–36. "[A] municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Id.* at 691, 98 S.Ct. at 2036 (emphasis in original). *See also id.* at 691–94 (explaining rationale behind Court declining to impose *respondeat superior* liability in section 1983 actions against municipalities). The district court, therefore, correctly refused to instruct the jury that the City could be liable under 42 U.S.C. § 1983 for acts of its employees on a theory of *respondeat superior.*

■ Collins next argues that the jury should have been instructed that the actions of Sergeant Wheeler, even if not imputable to the City under the doctrine of *respondeat superior,* constitute acts by a City policymaker sufficient to create municipal liability under section 1983. In *Monell,* the Court stated that "it is when execution of a government's policy or custom, whether made by its lawmakers *or by those whose edicts or acts may fairly be said to represent official policy,* inflicts the injury that the government as an entity is responsible under § 1983." *Monell,* 436 U.S. at 694, 98 S.Ct. at 2037–38 (emphasis added). In *Oklahoma City v. Tuttle,* 471 U.S. 808, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985), a plurality of the Court held that "a single incident of unconstitutional activity is not sufficient to impose liability under *Monell,* unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, *which policy can be attributed to a municipal policymaker.*" *Id.* at 823–824, 105 S.Ct. at 2436 (emphasis added). One year later, in *Pembaur v. City of Cincinnati,* 475 U.S. 469, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986), the Court held that, under certain circumstances, municipal liability may be imposed for a single decision or action by a municipal policymaker. The Court made clear, however, that municipal liability attaches only when the decisionmaker possesses "final authority" to establish municipal policy with respect to the action ordered. *Id.* at 481, 106 S.Ct. at 1299.

[A] municipality may be liable under § 1983 for a single decision by its properly constituted legislative body—whether or not that body had taken similar action in the past or intended to do so in the future—because even a single decision by such a body unquestionably constitutes an act of official government policy.... But the power to establish policy is no more the exclusive province of the legislature at the local level than at the state or national level. *Monell's* language makes clear that it expressly envisioned other officials "whose acts or edicts may fairly be said to represent official policy," and whose decisions therefore may give rise to municipal liability under § 1983.

*Pembaur,* 475 U.S. at 480, 106 S.Ct. at 1298–99 (citation omitted).

In the present case, Collins argues that Sergeant Wheeler was a policymaker with respect to city employment relations between sergeants and subordinate police officers, and that when he allegedly made sexual demands and caused her to be fired when she refused to comply, he acted as an official policymaker for the City.

Although Sergeant Wheeler is a supervisor in that he oversees the actions of the patrol officers in his squad, he is not an official "responsible for establishing final policy with respect to the subject matter in question." *Pembaur,* 475 U.S. at 483–84, 106 S.Ct. at 1300. Whether an official has final policymaking authority is a question of state law. *Id.* at 483, 106 S.Ct. at 1300. Under California Government Code section 38630 (West 1968), the City's police department is under the control of the Chief of Police. Although a police sergeant may have discretion to recommend hiring, firing, and discipline of employees, he or she is not the city official responsible for establishing final department policy in this area.

The fact that a particular official—even a policymaking official—has discretion in the exercise of particular functions does not, without more, give rise to municipal liability based on an exercise of that dis-

cretion.... The official must also be responsible for establishing final government policy respecting such activity before the municipality can be held liable. *Pembaur,* 475 U.S. at 481–83, 106 S.Ct. at 1299–1300.

Under *Monell* and *Pembaur,* municipal liability cannot be predicated upon Sergeant Wheeler's actions.

C. *Denial of Motion for Judgment Notwithstanding the Verdict or for New Trial*

■ Collins claims that the trial court abused its discretion when it denied her motion for judgment notwithstanding the verdict or, in the alternative, for a new trial. Under Federal Rule of Civil Procedure 50(b), a motion for judgment notwithstanding the verdict may be entertained only if the party has moved for a directed verdict at the close of all the evidence. If no motion for directed verdict has been made, a motion for judgment notwithstanding the verdict has no legal effect. *Williams v. Fenix & Scisson, Inc.,* 608 F.2d 1205, 1207 (9th Cir.1979). Collins failed to move for a directed verdict. Her motion for judgment notwithstanding the verdict, therefore, was properly denied. Fed.R.Civ.P. 50(b).

■ As for Collins' motion for a new trial, the district court did not abuse its discretion in denying it. *See Robins v. Harum,* 773 F.2d 1004, 1006 (9th Cir.1985) (district court's denial of motion for new trial reviewed for abuse of discretion). Sergeant Wheeler was not a defendant in the case. Collins sued only the City of San Diego. Therefore, whatever Collins claimed Wheeler did would have significance only if the City could be held liable for Wheeler's conduct. As we have stated, *respondeat superior* does not apply in a section 1983 case. And Collins did not establish a policy or custom of sexual discrimination by the City, nor did she show that Sergeant Wheeler was a "policymaker." Finally, there is abundant evidence in the record that Collins was fired not because of sexual harassment, but because she failed to meet the City's standards of competence for a police officer. Because of our disposition of the issues actually presented to us, we do not reach the question whether sexual harassment may constitute a constitutional claim under 42 U.S. C. § 1983.

AFFIRMED.