46 F.3d 1149
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Randal N. WIIDEMAN, Plaintiff-Appellant,
v.
Albert PERALTA, Defendant-Appellee.
 No. 93-16595.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 19, 1994.*
Decided Jan. 6, 1995.
 
 Before: SNEED, D.W. NELSON, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Nevada state prisoner Randal N. Wiideman appeals pro se the district court's summary judgment for Albert Peralta, Chief of Inmate Services for the Nevada Department of Prisons ("NDP"). We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We review the district court's grant of summary judgment de novo, Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990), and we affirm.
 
 
 3
 Wiideman brought this action pursuant to 42 U.S.C. Sec. 1983 alleging that Peralta violated his Fourteenth Amendment rights by refusing to comply with the permanent injunction issued in Wiideman v. Angelone, CV-N-91-138-ECR (D.Nev. Apr. 14, 1992) ("Wiideman I").
 
 
 4
 In Wiideman I, the district court held that the NDP could constitutionally require indigent inmates to pay for postage for mailing legal documents, but that there was insufficient enabling legislation authorizing the NDP to require reimbursement for legal postage incurred while the inmate was indigent.[1] The district court issued an injunction on January 9, 1992 ordering the NDP to "cease requiring reimbursement for postage costs incurred by [Wiideman] for legal mail while he was indigent...." On April 14, 1992, the district court issued a permanent injunction pursuant to the January order, prohibiting the NDP "from assessing postage costs incurred by [Wiideman] while indigent...."[2]
 
 
 5
 In the present action, Wiideman alleged that the January injunction prohibited the NDP from deducting the costs of legal postage from his trust account and that in the period between the two orders, Peralta violated the January injunction by continuing to charge his inmate account for the costs of legal postage. The district court held that Wiideman had misconstrued the effect of the January injunction. The court held that the January injunction did not prohibit the NDP from charging indigent inmates for legal postage costs, it merely prohibited the NDP from requiring reimbursement for legal postage costs pursuant to the Directive. Thus, the district court concluded that the continual charging of Wiideman's inmate account for legal postage costs did not violate the January injunction.
 
 
 6
 On appeal, Wiideman contends that the district court erred by granting summary judgment for Peralta because the district court's interpretation of the January injunction was incorrect.[3] This contention lacks merit.
 
 
 7
 The district court's January order did not prohibit the NDP from charging legal postage costs to Wiideman's account while he was indigent. Rather, it enjoined the NDP from enforcing the Directive requiring reimbursement. Because Wiideman has not alleged that Peralta required him to reimburse the NDP for legal postage costs while he was indigent, the district court properly granted summary judgment for Peralta. See Kruso, 872 F.2d at 1421.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Pursuant to Administrative Directive 16-91, the NDP advances the costs of mailing legal documents to indigent inmates. In return, the inmate is required to sign a "brass slip" authorizing the NDP to deduct the postage costs from their inmate account whenever the balance exceeded ten dollars
 
 
 [2]
 The district court's entry of the permanent injunction was affirmed on appeal. Wiideman v. Angelone, No. 92-15835 (9th Cir. Dec. 6, 1993)
 
 
 [3]
 Because Wiideman has not addressed his other claims on appeal, they are deemed abandoned. See Collins v. City of San Diego, 841 F.2d 337, 339 (9th Cir.1988) ("claims that are not addressed in the appellant's brief are deemed abandoned)