122 F.3d 1072
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Nida Pangilinan LACAP, a.k.a. Leonida Lacap Atienza, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70494.
 United States Court of Appeals, Ninth Circuit.
 Submitted August 25, 1997.**
Decided Aug. 27, 1997.
 
 On Petition for Review of an Order of the Board of Immigration Appeals, No. Aus-juk-nsi.
 Before: SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Nida Pangilinan Lacap, a native and citizen of the Philippines, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the immigration judge's ("IJ") denial of her application for asylum and withholding of deportation under sections 208(a) and 243(h) of the Immigration and Nationality Act, 8 U.S.C. §§ 1158(a), 1253(h). We have jurisdiction pursuant to 8 U.S.C. § 1105(a)(a), and we deny the petition.
 
 
 3
 Lacap contends that the BIA erred in concluding that Lacap did not demonstrate a clear probability of persecution or a well founded fear of persecution. These contentions have no merit.
 
 
 4
 We review a factual determination of eligibility for asylum and withholding of deportation under the substantial evidence standard. See Mejia-Paiz v. INS. 111 F.3d 720, 722 (9th Cir.1997). We review the credibility findings of the BIA and the IJ for substantial evidence. See Berroteran-Melendez v. INS, 955 F.2d 1251, 1256 (9th Cir.1992).
 
 
 5
 To establish eligibility for asylum based on a well-founded fear of persecution, an applicant must demonstrate both a subjective and an objective fear of persecution. See id. To satisfy the subjective and the objective components, an applicant's testimony must be credible. See id. If an applicant's testimony is not credible, there is no basis for a determination of eligibility for asylum. See id. at 1256-57.
 
 
 6
 Here, the BIA found Lacap's testimony not to be credible, and on that basis dismissed her appeal. On appeal to this court, Lacap fails to challenge that determination and has thus abandoned the issue. See Collins v. City of San Diego, 841 F.2d 337, 339 (9th Cir.1988). Even if Lacap did not abandon the issue, however, substantial evidence in the record supports the IJ's, and thus the BIA's, adverse credibility finding. See Berroteran-Melendez, 955 F.2d at 1257-58.[1] Further, the IJ provided specific, cogent reasons, supported by the record, for her negative credibility finding. See Turcios v. INS, 821 F.2d 1396, 1399 (9th Cir.1987).
 
 
 7
 Accordingly, Lacap's petition for review of the denial of her asylum claim is denied, see Mejia-Paiz, 111 F.3d at 724, as is her petition for review of the denial of her withholding of deportation claim, see Acewicz v. INS, 984 F.2d 1056, 1062 (9th Cir.1993).
 
 
 8
 PETITION DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 The BIA conducted an independent review of the record and finding that the IJ's credibility determination was supported by the record, adopted the decision of the IJ. Accordingly, we review the IJ's adverse credibility determination. See Turcios v. INS, 821 F.2d 1396, 1400-01 (9th Cir.1987)