**George ELBERT, Plaintiff–Appellant,**

v.

**HOWMEDICA, INC., A DIVISION OF PFIZER HOSPITAL PRODUCTS GROUP, INC., Defendant–Appellee.**

No. 96–16249.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 5, 1997.

Decided May 8, 1998.

Stanford H. Masui, Honolulu, Hawaii, for plaintiff-appellant.

Jacqueline Earle, Goodsill, Anderson, Quinn & Stifel, Honolulu, Hawaii, for defendant-appellee.

Before: REINHARDT, LEAVY and THOMAS, Circuit Judges.

PER CURIAM Opinion; Concurrence by Judge REINHARDT.

PER CURIAM:

George Elbert appeals from an order granting judgment as a matter of law to Howmedica, Inc., and denying his motion for a new trial. We reverse and remand.

Following a jury verdict, the district court entered judgment of $196,755 for Elbert against Howmedica for damages caused by an allegedly defective prosthetic knee manufactured by Howmedica. In the first appeal of this case, we reversed the judgment in an unpublished opinion because the district court allowed Elbert's unqualified expert to testify. On remand, Howmedica moved "for entry of judgment in its favor on all remaining claims." It cited to Rule 7, Fed.R.Civ.P., which deals with forms of motions. The magistrate judge called it a "novel motion," treated it as a motion for judgment as a matter of law pursuant to Fed.R.Civ.P. 50(b), and granted it. The court also denied Elbert's motion for a new trial, holding in relevant part that without the expert testimony the plaintiff could not establish the standard of care required of Howmedica.

The primary question presented by this appeal is whether a trial court, in deciding a Rule 50(b) motion following a remand from an appellate decision requiring exclusion of evidence, may exclude from its decision the evidence erroneously admitted at trial. We recently considered this question in an analogous context and held that when deciding a Rule 50(b) motion following trial, the trial court should not exclude such evidence.

Specifically, we wrote in *Schudel v. General Elec. Co.*, 120 F.3d 991, 995 (9th Cir.1997), *cert. denied*, —— U.S. ——, 118 S.Ct. 1560, 140 L.Ed.2d 792 (1998) that:

> We now hold that when ruling on a Rule 50(b) motion, a district court should not exclude evidence erroneously admitted at trial. The record should be taken as it existed when the trial was closed. This rule promotes certainty: litigants need not supplement conditionally admitted evidence, perhaps, unnecessarily; and district courts need not speculate as to what other evidence might have been offered if the evidence had been excluded at trial. The rule promotes fairness: punishing a litigant for the court's erroneous admission of evidence is unfair; and the remedy of a new trial is available to put both sides on an equal footing: (citation omitted).

*Schudel* involved the district court's exclusion of evidence during its consideration of a Rule 50(b) motion, after the court thought better of a prior ruling admitting expert testimony. However, the logic applies with equal force to a Rule 50(b) motion made following remand after an appellate ruling that expert testimony was improperly admitted.

Thus, in this case, the trial judge erred in excluding the erroneously admitted evidence when deciding Howmedica's Rule 50(b) motion after remand. Because the Rule 50(b) motion should have been denied, the trial court also erred in denying the plaintiff's motion for a new trial. Although the parties have varied opinions on what may occur in the trial court after remand, none of those issues are before us, and our consideration of those issues would be premature and based on pure conjecture as to what motions the parties might file.

REVERSED AND REMANDED.

REINHARDT, Circuit Judge, concurring in judgment.

I agree that the proper result in this case is to reverse the judgment as a matter of law and to remand for further proceedings. While the majority seems to hold that Rule 50(b) motions on remand should always be denied, I would simply say as a flat rule that litigants may not bring such motions following remand. While my approach may not differ from the majority's from a practical standpoint, I believe it would save litigants and district courts the trouble of filing and adjudicating non-cognizable motions.

Provided it makes a motion for a directed verdict at the close of evidence, a party that loses at trial may under Rule 50(b) "renew its request for judgment as a matter of law by filing a motion no later than 10 days after the entry of judgment." Fed.R.Civ.P. 50(b); *see also Collins v. City of San Diego*, 841 F.2d 337, 342 (9th Cir.1988) (holding that "[i]f no motion for a directed verdict has been made, a motion for judgment notwithstanding the verdict has no legal effect"). The Advisory Committee Notes explain that "[a] post-trial motion for judgment [notwithstanding the verdict] may be granted only on grounds advanced in the pre-verdict motion." Fed.R.Civ.P. 50(b) advisory committee's notes to 1991 amendment; *see also Murphy v. City of Long Beach*, 914 F.2d 183, 186 (9th Cir.1990) (same).

As our per curiam opinion makes clear, a 50(b) motion must be based on the *entire* trial record and, in ruling on the motion, the district court must base its decision on that entire record and cannot take into account the fact that a part of the evidence may have been improperly admitted. Per Curiam Op. at 4551–52; *see also Schudel v. General Elec. Co.*, 120 F.3d 991, 995 (9th Cir.1997), *cert. denied*, —— U.S. ——, 118 S.Ct. 1560, 140 L.Ed.2d 792 (1998). Unless the district court grants the 50(b) motion or the court of appeals holds that the losing party was entitled to prevail, the party against whom the verdict was rendered cannot obtain a judgment as a matter of law.

I believe that the plain import of this procedural scheme is that a party may not under any circumstances make a Rule 50(b) motion on remand. The reason for this conclusion is simple. As we have just explained, it is the full trial record on which a Rule 50(b) motion must be based. Nothing, therefore, is changed for purposes of such a motion when the court of appeals holds that a portion of the evidence at trial was improperly admitted. Following remand, the district court would be faced with the *identical* ques-

tion that existed at the time at which, under the Federal Rules, a 50(b) motion must be made—within ten days after the entry of judgment. The losing party at trial must either make its Rule 50(b) motion shortly after the verdict or forfeit its opportunity to do so. If it has made such a motion and lost, there is no point in, or justification for, making it once again on remand. The district court has *already* ruled, and the losing party has either accepted that ruling by not appealing or the court of appeals has concluded that it is not entitled to judgment as a matter of law. If the losing party failed to make a Rule 50(b) motion within the time prescribed by the Federal Rules of Civil Procedure, it has forfeited that right and there is no reason, let alone provision of the Federal Rules, that would allow its revival on remand.

Because I believe that the district court should not have converted Howmedica's "novel" motion into a 50(b) motion in the first place, I concur in the judgment reversing and remanding for a new trial.