145 F.3d 1339
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Valentina MAGDESIAN, Petitioner,
v.
Immigration and Naturalization Service, Respondent.
 No. 97-71330.
INS No. Ada-wij-eeo.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 14, 1998**.
Decided May 20, 1998.
 
 On Petition for Review of an Order of the Board of Immigration Appeals.
 Before SCHROEDER, TROTT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Valentina Magdesian petitions pro se for review of the Board of Immigration Appeals' ("BIA") decision affirming an immigration judge's ("IJ") denial of her application for asylum and withholding of deportation under 8 U.S.C. §§ 1158(a) and 1253(h). We have jurisdiction pursuant to 8 U.S.C. § 1105a,[1] and we deny the petition for review.
 
 
 3
 Magdesian failed to allege in her opening brief any error in the BIA's decision. "It is well established in this Circuit that claims which are not addressed in the appellant's brief are deemed abandoned." Collins v. City of San Diego, 841 F.2d 337, 339 (9th Cir.1988). We conclude that Magdesian has waived her challenge to the BIA's decision. See id.
 
 
 4
 To the extent that Magdesian challenges the BIA's adverse credibility finding, we conclude that the BIA provided specific and cogent reasons for discrediting Magdesian's testimony. Additionally, the BIA's decision is supported by substantial evidence. See Berroteran-Melendez v. INS, 955 F.2d 1251, 1256 (9th Cir.1992).
 
 
 5
 PETITION FOR REVIEW DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") repeals 8 U.S.C. § 1105a and replaces it with a new judicial review provision to be codified at 8 U.S.C. § 1252. See IIRIRA § 306(c)(1), Pub.L. No. 104-208, 110 Stat. 3009 (Sept. 30, 1996), as amended by Act of Oct. 11, 1996, Pub.L. No. 104-302, 110 Stat. 3656. However because the new provision does not apply to petitioners whose deportation proceedings commenced before April 1, 1997, we continue to have jurisdiction over the instant petition under 8 U.S.C. § 1105a. See IIRIRA § 309(c)(1). Accordingly, Magdesian's request for oral argument is denied