**James R. KEYES, Plaintiff—Appellant,**

v.

**Michael STAUFFER; Leesa Whitney; Wade Majors, in their official capacities as Lincoln County Sheriff's Deputies, and individually and including their respective marital communities; Lincoln County Sheriff, in his official capacity; Lincoln County, a municipal corporation; Kathryne Fancher, in her individual capacity and as representative of her marital community; United States of America, Defendants—Appellees.**

No. 04–35515.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 17, 2006.[*]

Decided March 7, 2006.

James R. Keyes, Spokane, WA, pro se.

Michael E. McFarland, Esq., Evans, Craven & Lackie, USSP—Office of the U.S. Attorney, Spokane, WA, William H. Beatty, for Defendants–Appellees.

---

[*] This panel unanimously finds this case suit-able for decision without oral argument. *See*

Before: SKOPIL, BOOCHEVER, and LEAVY, Circuit Judges.

## MEMORANDUM **

James R. Keyes filed this pro se civil rights action, alleging that law enforcement officers in Lincoln County, Washington violated his state and federal constitutional rights by conducting a warrantless search of his property after a census worker reported that Keyes ran her off the property with a gun.[1] The district court granted summary judgment, concluding as a matter of law that the search was not within the protected curtilage of Keyes' home, and alternatively, that the officers had a right to be on Keyes' property to investigate the incident.

We reject Keyes' contention that disputed facts preclude summary judgment. There is no dispute that the officers, in response to the census worker's report, entered Keyes' property, knocked on his door, circled his house while calling out his name, and looked into his windows in their attempt to locate him. The issue is whether the officers, as a matter of law, conducted an unlawful search. We conclude they did not.

"Law enforcement officers may encroach upon the curtilage of a home for the purpose of asking questions of the occupants." *United States v. Hammett,* 236 F.3d 1054, 1059 (9th Cir.2001). Moreover, officers are entitled to move away from the front door, including circling the premises, "when seeking to contact the occupants of a residence." *Id.* at 1060. Finally, the officers' observations of areas in plain view from a lawful vantage point do not violate the Fourth Amendment. *See id.* at 1061 (crack in wall); *United States v. Garcia,* 997 F.2d 1273, 1279–80 (9th Cir.1993) (screen door); *United States v. Hersh,* 464 F.2d 228, 229–30 (9th Cir.1972) (partially draped open window).

Similarly, the officers did not violate Article I, § 7 of the Washington Constitution. *See e.g., State v. Gave,* 77 Wash.App. 333, 890 P.2d 1088, 1090 (1995) (noting under the "open view doctrines" of either the state or federal constitution, "police with legitimate business may enter areas of the curtilage of a residence that are impliedly open, and in so doing they are free to keep their eyes open") (internal quotation omitted); *State v. Jackson,* 150 Wash.2d 251, 76 P.3d 217, 222 (2003) (noting "[w]here a law enforcement officer is able to detect something at a lawful vantage point through his or her senses, no search occurs under article I section 7").

**AFFIRMED.**

---

Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. Keys also alleged the officers and others employed by the county conducted the search in retaliation for a prior lawsuit and conspired to deny him privacy and equal protection rights. He also sued the county, alleging a policy of non-training, lack of supervision, and vicarious liability for the officers' conduct. Finally, Keyes sued the census worker, alleging she committed criminal trespass and slandered and defamed him. The district court rejected all of these claims. Keyes does not expressly challenge these decisions, and accordingly, we deem them abandoned. *See Collins v. City of San Diego,* 841 F.2d 337, 339 (9th Cir.1988).