Guadalupe LARA–DURAN, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–72795.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 18, 2006.*

Filed Aug. 23, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* FED. R.APP. P. 34(a)(2).

Raul R. Labrador, Labrador Law Offices, Nampa, ID, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, District Counsel, Immigration And Naturalization Service, Office of the District Counsel, Seattle, WA, M. Jocelyn Lopez Wright, Esq., Eric W. Marsteller, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: PREGERSON, NOONAN, and CALLAHAN, Circuit Judges.

## MEMORANDUM [**]

Petitioner Guadalupe Lara–Duran, a native of Mexico, was lawfully admitted to the United States for permanent residence in 1989. On October 7, 1997, he pled guilty to and was convicted of "Possession of a Controlled Substance" (methamphetamine and marijuana) in violation of Idaho Code § 37–2732(a). On October 29, 1997, he pled guilty to and was convicted of "Possession of a Controlled Substance" (methamphetamine) in violation of Idaho Code § 37–2732(c)(1). The Idaho state court consolidated the convictions and issued an aggregate sentence of four-and-one-half years in prison. On May 13, 1998, the court suspended the sentence and placed Lara–Duran on probation for four years. On September 2, 1998, Lara–Duran pled guilty to and was convicted of "Intimidating a Witness" in violation of Idaho Code §§ 18–112 and 18–2604, for which he received a sentence of five years in prison.

Based on these three convictions, the Immigration and Naturalization Service ("INS")[1] initiated removal proceedings against Lara–Duran on October 24, 2002, alleging that he was subject to removal because he had been convicted of an aggravated felony. See 8 U.S.C. § 1227(a)(2)(A)(iii). The Immigration Judge ("IJ") determined that Lara–Duran's convictions constituted aggravated felonies and ordered him removed. The Board of Immigration Appeals ("BIA") affirmed the IJ's decision and Lara–Duran filed this timely appeal.

We review de novo whether a particular offense constitutes an aggravated felony for which an alien is subject to removal. Reyes–Alcaraz v. Ashcroft, 363 F.3d 937, 939 (9th Cir.2004). We have no jurisdiction, however, to review a final order of removal against an alien who is removable by reason of having committed an aggravated felony. Cedano–Viera v. Ashcroft, 324 F.3d 1062, 1064 (9th Cir.2003).

Lara–Duran challenges the BIA's determination that his drug possession convictions constitute aggravated felonies, but he does not challenge the BIA's determination that his conviction for intimidating a witness is an aggravated felony for purposes of 8 U.S.C. § 1101(a)(43)(S). He has therefore waived this argument. See Collins v. City of San Diego, 841 F.2d 337, 339 (9th Cir.1988) ("It is well established in this Circuit that claims which are not addressed in the appellant's brief are deemed abandoned."); see also FED. R.APP. P. 28(a)(9)(A) (requiring that appellant's

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

[1.] As of March 1, 2003, the INS ceased to exist and its enforcement functions were transferred to the Bureau of Immigration and Customs Enforcement within the Department of Homeland Security. See Homeland Security Act of 2002, Pub.L. No. 107–296.

brief contain "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies").

Since the record establishes that Lara–Duran was convicted of an aggravated felony (intimidating a witness), we lack jurisdiction to review the BIA's affirmance of the IJ's order of removal. *Cedano–Viera*, 324 F.3d at 1064. Accordingly, we do not reach the question of whether the drug convictions constitute aggravated felonies. The petition for review is **DISMISSED.**