**William GAINES, Plaintiff—Appellant,**

v.

**SBC COMMUNICATIONS INC.;
Alice Huerta; Debra Thomas,
Defendants—Appellees.**

No. 06–15542.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 15, 2008.*

Filed March 17, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument pursuant to Fed. R.App. P. 34(a)(2).

Daniel L. Mitchell, Esq., Law Offices of Daniel L. Mithcell, Alameda, CA, for Plaintiff–Appellant.

Thomas E. Geidt, Esq., Katherine C. Huibonhoa, Laura Monfredini, Paul Hastings Janofsky & Walker, LLP, San Francisco, CA, J. Al Latham, Jr., Esq., Paul Hastings Janofsky and Walker, Los Angeles, CA, for Defendants–Appellees.

BEFORE: CANBY and M. SMITH, Circuit Judges, and LARSON,** District Judge.

** The Honorable Stephen G. Larson, United States District Judge for the Central District of California, sitting by designation.

MEMORANDUM ***

William Gaines appeals a summary judgment in favor of his former employer, SBC Communications, and two of its managerial employees on his claims of race and age discrimination and hostile work environment brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e–5 *et seq.,* and the California Fair Housing and Employment Act, Cal. Gov't Code § 12940 *et seq.* (FEHA). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment, *Morrison v. Hall,* 261 F.3d 896, 900 (9th Cir.2001), and we affirm.

Gaines first argues that his termination constituted age and race discrimination in violation of Title VII and FEHA. Gaines, however, has not raised a triable issue that his termination was on account of his race or age. No jury could reasonably conclude from the evidence in the record that Gaines was treated less favorably than similarly situated non–African–American or younger employees. *See Aragon v. Republic Silver State Disposal, Inc.,* 292 F.3d 654, 658 (9th Cir.2002) (citing *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)) (laying out the four-prong test for a *prima facie* case of discriminatory adverse employment action); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (holding that "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party"). Moreover, even if similarly situated employees who are not members of a

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

protected class had received more favorable treatment, SBC Communications has rebutted any inference of discrimination by showing that Gaines's termination was part of a nationwide, large-scale workforce reduction effectuated by race– and age-neutral standards. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1282 (9th Cir. 2000) (holding that a reduction in force according to employee qualifications constitutes a legitimate, nondiscriminatory reason for terminating employees). In response, Gaines has failed to point to "*specific* and *substantial* evidence that [the employer's] reasons are really a pretext for ... discrimination." *Aragon*, 292 F.3d at 661 (emphasis in original). Indeed, Gaines was the only African–American first-level supervisor laid off, and numerous others were retained, as were numbers of managers older than Gaines. Thus, the district court properly granted summary judgment in favor of SBC Communications on Gaines's discrimination claims.

Gaines next argues that the "demeaning" comments of a co-worker about his job performance created a hostile work environment in violation of Title VII and FEHA. This claim fails because Gaines did not offer evidence of any statements or acts explicitly directed at (or referring to) his age or race, either explicitly or by reasonable implication. Furthermore, Gaines did not allege conduct that was sufficiently severe or pervasive to meet the legal standard for a hostile work environment claim. *See Faragher v. City of Boca Raton*, 524 U.S. 775, 788, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998) ("[O]ffhand comments ... and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment.") (internal quo-

tation marks and citation omitted). The district court therefore properly granted summary judgment in favor of SBC Communications on Gaines's hostile work environment claims.

Finally, Gaines has not pursued on this appeal his Section 1983 claim against the two managerial employees of SBC Communications who were named as individual defendants in the First Amended Complaint. Accordingly, we conclude that he has abandoned the claim. *See Collins v. City of San Diego*, 841 F.2d 337, 339 (9th Cir.1988) ("[C]laims which are not addressed in the appellant's brief are deemed abandoned.").

**AFFIRMED.**