**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 17 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WONSUN SUH; HAEHWA SUH; SEUNGMI SUH, a.k.a. Judy Mi Suh; SEUNGEUN SUH, a.k.a. Seung Fun Seo; SEUNGCHAN SUH, a.k.a. Seung Chan Seo; SEUNGYUN SUH, a.k.a. Seung Yun Suh, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER JR., Attorney General, <br><br> Respondent. | No. 06-72984 <br><br> Agency Nos. A072-970-598 <br> A072-970-599 <br> A072-970-600 <br> A072-970-601 <br> A072-970-602 <br> A072-970-603 <br><br> MEMORANDUM [*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 12, 2010[**]
San Francisco, California

Before: WALLACE, GRABER, and McKEOWN, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Wonsun Suh, Haehwa Suh, Seungmi Suh, Seungeun Suh, Seungchan Suh, and Seungyun Suh (together, "the Suhs"), all natives and citizens of South Korea, petition for review of the decision of the Board of Immigration Appeals ("BIA") ordering their removal. The Suhs number among several individuals identified by the government as having allegedly received their lawful permanent resident ("LPR") status through the fraudulent scheme of Leland Sustaire, a former Supervisory Adjudications Officer of the Immigration and Naturalization Service.

We deny the petition for review. First, substantial evidence supports the BIA's finding of removability by clear and convincing evidence. See Hernandez-Guadarrama v. Ashcroft, 394 F.3d 674, 679 (9th Cir. 2005).

Second, the BIA's refusal to consider the Suhs' green cards as "immigrant visas" for the purpose of seeking a waiver of inadmissibility under 8 U.S.C. § 1184(k) does not violate equal protection. Rather, the government has proffered "facially legitimate and bona fide reason[s]" for why Congress would treat LPRs, like the Suhs, who have adjusted status within the United States, differently from individuals holding immigrant visas and seeking admission from abroad. See Taniguchi v. Schultz, 303 F.3d 950, 957 (9th Cir. 2002) (internal quotation marks omitted).

Third, because the Suhs did not raise their equitable estoppel claim in their opening brief, we deem it waived and decline to address it on the merits.  See Collins v. City of San Diego, 841 F.2d 337, 339 (9th Cir. 1998).

**PETITION FOR REVIEW DENIED.**