FILED

JUL 12 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MACIO L. LINDSEY, Jr., | No. 08-55806 |
| Plaintiff - Appellant, | D.C. No. 2:06-cv-01172-VAP-AN |
| v. | |
| J. FITTER, MD; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Submitted June 29, 2010[**]

Before:    ALARCÓN, LEAVY, and GRABER, Circuit Judges.

Macio L. Lindsey, Jr., a California state prisoner, appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging medical

deliberate indifference in violation of the Eighth Amendment.  We have

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291.  We review de novo, *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006), and we vacate and remand.

The district court concluded that Lindsey failed to raise a triable issue as to whether defendant's nearly 20-month delay in providing physical therapy for his fractured femur constituted deliberate indifference.  Viewing the evidence in the light most favorable to Lindsey, a reasonable jury could conclude that defendants' inaction caused Lindsey to suffer a constitutional injury.  *See Jett*, 439 F.3d at 1097 (failure to respond to a prisoner's medical need, including a denial or delay in medical treatment, may constitute deliberate indifference).  We therefore vacate the district court's summary judgment.

Because Lindsey did not request a continuance to conduct additional discovery in his opposition to summary judgment, his argument concerning whether he was given a reasonable opportunity to conduct discovery by the district court is unpersuasive.

Lindsey has waived any challenge to the district court's order dismissing his state law claims, denying his Rule 60(b) motion, and denying his request for appointment of counsel.  *See Collins v. City of San Diego*, 841 F.2d 337, 339 (9th Cir. 1988) ("It is well established in this Circuit that claims which are not

addressed in the appellant's brief are deemed abandoned").

Lindsey's remaining contentions are unpersuasive.

Accordingly, we vacate the judgment and remand to the district court for further proceedings.

Each party shall bear its own costs on appeal

**VACATED and REMANDED.**