**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 24 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-30162 |
| Plaintiff - Appellee, | D.C. No. 2:06-cr-02189-FVS-1 |
| v. | |
| AARON LOPEZ GARCIA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-30163 |
| Plaintiff - Appellee, | D.C. No. 2:05-cr-02040-FVS-1 |
| v. | |
| AARON LOPEZ GARCIA, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Fred L. Van Sickle, Senior District Judge, Presiding

Argued and Submitted October 11, 2012
Seattle, Washington

———————

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: KOZINSKI, Chief Judge, TASHIMA and M. SMITH, Circuit Judges.

Defendant-Appellant Aaron Garcia appeals the district court's denial of his motion to suppress the fruits of a *Terry* stop, after which the jury convicted him of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Garcia further appeals the judgment and sentence imposed by the district court following his guilty plea to escape from federal custody, in violation of 18 U.S.C. § 751(a). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court denied Garcia's motion to suppress primarily because a reasonable officer could believe, based on the totality of the circumstances, that Garcia was armed and dangerous. We hold that the seizure of the gun underneath the jacket in Garcia's car was the result of a lawful *Terry* stop based on " 'specific and articulable facts, which . . . reasonably warrant' the officers in believing that the suspect is dangerous and the suspect may gain immediate control of weapons." *Michigan v. Long*, 463 U.S. 1032, 1049 (1983) (quoting *Terry v. Ohio*, 392 U.S. 1, 21 (1968)). The vehicle in which Garcia was a passenger abruptly turned off its headlights in a motel parking lot while still in motion; the Bali Hai Motel was known for being a place where criminal activity occurred and was the site of previous arrests of gang members with guns; and Garcia was wearing lots of red

2

clothes consistent with the color worn by individuals identifying with a gang. Garcia also exhibited evasive behavior when Officer Miller asked him to give Castillo the jacket inside the car because she was visibly shaking from the cold. *See Illinois v. Wardlow*, 528 U.S. 119, 124 (2000) (recognizing that "nervous, evasive behavior is a pertinent factor in determining reasonable suspicion"). Under the circumstances, Officer Miller reasonably believed that Garcia could be concealing a firearm underneath the jacket. Thus, the officers lawfully entered the car, picked up the jacket, and seized the handgun. *Long*, 463 U.S. at 1049–50.

Moreover, the prosecutor's references to Garcia's post-arrest statements and conduct as evidence of his guilt did not constitute plain error. The Government offered evidence that Garcia, after being arrested, became uncooperative and yelled at the other car passengers to be quiet and to wait to speak with an attorney before speaking with the officers. Because Garcia never objected to the admission of this evidence at trial, it is subject to plain error review. *United States v. Dreyer*, 693 F.3d 803, 808 (9th Cir. 2012). Here, Garcia's spontaneous and volunteered post-arrest statements were admissible because he did not remain silent after being arrested. *See Rhode Island v. Innis*, 446 U.S. 291, 300–04 (1980); *United States v. Booth*, 669 F.2d 1231, 1237 (9th Cir. 1981); *United States v. Sherwood*, 98 F.3d 402, 409 (9th Cir. 1996) (" 'Spontaneous' or 'volunteered' confessions of a suspect

3

in custody are admissible despite the absence of a prior *Miranda* warning."). If there was any error in admitting the evidence of Garcia's post-arrest statements and conduct, it was not plain and did not seriously affect the fairness of his trial. Garcia admitted at trial that he had made the statements. Thus, no plain error occurred.

Finally, Garcia did not present any argument suggesting that his escape conviction was in error or raise any issue regarding that conviction in his opening brief. Thus, he abandoned the appeal of his escape judgment and sentence. *See Collins v. City of San Diego*, 841 F.2d 337, 339 (9th Cir. 1988) ("It is well established in this Circuit that claims which are not addressed in the appellant's brief are deemed abandoned.").

**AFFIRMED.**