NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 30 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PAULA ANN BIFELT, as Personal
Representative of the Estate of Tristan Percy
Vent

Plaintiff - Appellant,

v.

STATE OF ALASKA; RONALD WALL,
Trooper; JACOB HAYUNGS, Trooper;
EDWARD HALBERT, Trooper; EDWIN
CARLSON, Trooper,

Defendants - Appellees.

No.    20-35338

D.C. No. 4:18-cv-00017-JWS

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Alaska
John W. Sedwick, District Judge, Presiding

Argued and Submitted June 16, 2021
Anchorage, Alaska

Before:  RAWLINSON, CHRISTEN, and R. NELSON, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

1

On September 8, 2015, Tristan Percy Vent ("Vent") was fatally shot during a standoff with Alaska State Troopers ("Troopers") and Fairbanks Police Department Officers.  As personal representative of Vent's Estate, Paula Ann Bifelt sued the Troopers under both 42 U.S.C. § 1983 and Alaska law for excessive force, and sued the State of Alaska ("Alaska") under a failure-to-train theory based on state negligence law.[1]  The Troopers and Alaska moved for summary judgment on all claims, which the district court granted.  We affirm.

Because the facts leading up to the shooting of Vent are undisputed, we do not recite them here.[2]  On appeal, Bifelt contends the district court erred in rejecting the submission of a "police practices expert" report that opined that the encounter with Vent was a preventable "suicide by cop" scenario and "that certain less-lethal weapons were on the scene and available to the troopers for their immediate use."  However, because objective video evidence captured the Troopers' encounter with Vent, the district court correctly concluded that Bifelt cannot "avoid[ ] summary judgment by simply producing an expert's report that an officer's conduct leading up to a deadly confrontation was imprudent,

---

[1] On appeal, Bifelt does not brief the district court's dismissal of the negligence claim, accordingly, this claim is abandoned. *See Collins v. City of San Diego*, 841 F.2d 337, 339 (9th Cir. 1988).

[2] *See Bifelt v. Alaska*, No. 4:18-CV-00017 JWS, 2020 WL 1046816, at *2 (D. Alaska Mar. 3, 2020).

2

inappropriate, or even reckless." *Billington v. Smith*, 292 F.3d 1177, 1189 (9th Cir. 2002) *abrogated on other grounds by County of Los Angeles v. Mendez*, 137 S. Ct. 1539, 1546 (2017); *City & County of San Francisco v. Sheehan*, 575 U.S. 600, 616 (2015) (same).

The district court also concluded that the Troopers' use of force was reasonable and that "regardless of the constitutionality of their actions, the Troopers would be entitled to qualified immunity here." We address "whether the right at issue was 'clearly established' at the time of [the Troopers'] alleged misconduct." *See Pearson v. Callahan,* 555 U.S. 223, 236 (2009) (holding that either prong of the qualified immunity analysis may be addressed first).

Vent's right to be free from lethal force at the time the fatal shooting occurred was not clearly established. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Mullenix v. Luna*, 577 U.S. 7, 16 (2015). "[N]either Supreme Court nor circuit precedent in existence as of" September 8, 2015, "would have put a reasonable officer in the [Troopers'] position on notice that using deadly force in the particular circumstances"—after multiple attempts at de-escalation—"would violate [Vent's] Fourth Amendment rights." *Blanford v. Sacramento County*, 406 F.3d 1110, 1119 (9th Cir. 2005); *Smith v. City of Hemet*, 394 F.3d 689, 704 (9th

Cir. 2005).[3]  The Estate does not identify any case clearly establishing that officers acting under similar circumstances—who undertook extensive efforts to deescalate a standoff yet the suspect grabbed a firearm off the ground—were held to have violated the suspect's Fourth Amendment rights.  We recognize Vent's death represents a tragic loss.  However, under our precedent, the officers were entitled to qualified immunity.

**AFFIRMED.**

---

[3] The qualified immunity analysis is equally applicable to the state excessive force claim: "The use of excessive force is a statutory violation under Alaska law and may also run afoul of the Fourth Amendment to the United States Constitution and article I, section 14 of the Alaska Constitution, both of which grant citizens a right to be secure in their persons and protect against unreasonable searches and seizures." *Maness v. Daily*, 307 P.3d 894, 900–01 (Alaska 2013) (internal quotations omitted).  *See Russell ex rel. J.N. v. Virg-In*, 258 P.3d 795, 803 (Alaska 2011) ("[A]n officer is entitled to qualified immunity if the officer's conduct was an objectively reasonable use of force or the officer reasonably believed that the conduct was lawful" which analysis "recognizes that there may be behavior that is objectively unreasonable but that nonetheless an officer might have reasonably believed *was* reasonable.  If this is the case, then the officer should be entitled to qualified immunity for his behavior.").