**NOT FOR PUBLICATION**
**UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

**FILED**

MAY 15 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TAYLOR E. BARLOW,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>TOWN OF COLORADO CITY, an Arizona Municipal Corporation,<br><br>Defendant - Appellee. | No. 24-3118<br><br>D.C. No. 3:23-cv-08506-SMB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Susan M. Brnovich, District Judge, Presiding

Submitted March 25, 2025[**]
Phoenix, Arizona

Before: GRABER and BENNETT, Circuit Judges, and TUNHEIM, District Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable John R. Tunheim, United States District Judge for the District of Minnesota, sitting by designation.

Appellant Taylor E. Barlow was formerly employed by Appellee Town of Colorado City, Arizona ("Colorado City") as a police officer. He alleges wrongful termination due to his perceived affiliation with the Fundamentalist Church of Jesus Christ of Latter-Day Saints ("FLDS") religion. The district court dismissed Barlow's claims under claim preclusion and alternatively because he failed to adequately plead a *Monell* claim. Claim preclusion is inapplicable here, but nonetheless we affirm the district court's decision because Barlow failed to adequately plead a *Monell* claim.[1]

Barlow worked for a border town police department that served both Utah and Arizona. When hired, Barlow was certified as a police officer in Utah and sought Arizona certification. The Arizona Peace Officer Standards and Training Board ("AZPOST") determined that a prior sale of marijuana made Barlow ineligible for Arizona certification and denied his application accordingly. Barlow appealed the denial of his Arizona certification to an Administrative Law Judge, the Maricopa County Superior Court, and the Arizona Court of Appeals; all confirmed that AZPOST's denial was lawful. *Barlow v. Ariz. Peace Officer Standards & Training Bd.*, No. 19-0378, 2020 WL 1274507, at *1–3 (Ariz. Ct. App. Mar. 17, 2020). Barlow then brought discrimination claims against AZPOST in the federal district

---

[1] We therefore need not address Colorado City's alternative argument that we affirm on the ground of issue preclusion.

court in Arizona. *Barlow v. Arizona*, No. 20-1358, 2021 WL 2474607, at \*2 (D. Ariz. Feb. 23, 2021). His claims were dismissed with prejudice, and we affirmed that dismissal. *Barlow v. Arizona*, No. 21-15499, 2022 WL 418957, at \*1 (9th Cir. Feb. 10, 2022). After Barlow exhausted all challenges to AZPOST's denial of his Arizona certification, Colorado City terminated him.

1.      The district court erred by ruling that claim preclusion barred Barlow's complaint because Barlow's termination occurred after he had filed the prior actions. *Howard v. City of Coos Bay*, 871 F.3d 1032, 1040 (9th Cir. 2017).

2.      The district court correctly held that Barlow failed to adequately plead a *Monell* claim.

A municipality can be held liable under *Monell* only when a constitutional violation occurs pursuant to an official policy. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *see also Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011). The policy requirement can be satisfied in one of three ways: (1) an expressly adopted official policy, (2) a longstanding practice or custom, or (3) when the individual who acted has final policymaking authority or the individual with policymaking authority ratifies a subordinate's unconstitutional action. *Gordon v. County of Orange*, 6 F.4th 961, 973–74 (9th Cir. 2021). A municipality cannot be held liable on a theory of respondeat superior. *Castro v. County of Los Angeles*, 833 F.3d 1060, 1073 (9th Cir. 2016) (en banc).

3                                                                                    24-3118

Barlow's allegations that Colorado City had a custom or policy of discriminating against law enforcement officers affiliated with the FLDS religion amount to bare conclusory statements. Barlow provided no allegation of a specific policy or repetitive evidence of discrimination. Instead, he cites to a federal injunction against Colorado City prohibiting religious discrimination against people who were **not** affiliated with the FLDS religion. *United States v. Town of Colorado City*, No. 3:12-8123, 2017 WL 1384353, at *1 (D. Ariz. Apr. 18, 2017). The only other evidence Barlow urges the Court to consider are newspaper articles describing the changes in Colorado City in response to the injunction. Those newspaper articles, though, are hearsay, *Twardowski v. Am. Airlines*, 535 F.3d 952, 961 (9th Cir. 2008) (per curiam), and were not embraced by the complaint, so they are impermissible evidence on a motion to dismiss, *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). Moreover, the articles suggest Colorado City's progress toward equitable policing; nothing in those articles supports an inference of an established policy or custom of discrimination against members of the FLDS religion. Barlow has failed to sufficiently plead that Colorado City had an established policy or custom to discriminate against members of the FLDS religion.

Barlow also failed to adequately plead that Colorado City Police Chief Robbins Radley had final policymaking authority. Instead, Barlow conflated Chief Radley's power to terminate Barlow with policymaking authority. The two are not

the same. Only the Town Council had final policymaking authority, and Chief Radley could terminate employees only in accordance with the policies adopted by the Town Council. *See Collins v. City of San Diego*, 841 F.2d 337, 341–42 (9th Cir. 1988) (holding that a *Monell* claim failed because, although a police sergeant had authority to fire employees, he lacked policymaking authority). Further, Barlow has not alleged that the Town Council took affirmative or deliberate action to ratify Chief Radley's termination decision. *See Gillette v. Delmore*, 979 F.2d 1342, 1347–48 (9th Cir. 1992) (per curiam). Accordingly, Barlow's *Monell* claim cannot rest on Chief Radley's authority.

3. Finally, the district court did not abuse its discretion, *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008), by denying leave to amend due to futility. Barlow has not identified any factual allegations that would cure the deficiencies in his *Monell* claim.

**AFFIRMED**.