**Hector Horacio PEREZ–VALDIVIA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–73403.

United States Court of Appeals, Ninth Circuit.

Submitted April 6, 2006.*

Filed April 25, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Larry A. Burns, United States District Judge for the Southern District of California, sitting by designation.

* This panel unanimously finds this case suitable for decision without oral argument. *See* FED. R.APP. P. 34(a)(2).

Fabian C. Serrato, Santa Ana, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, District Director, Office of the District Chief Counsel U.S. Department of Homeland Security, Phoenix, AZ, Richard M. Evans, Esq., Susan K. Houser, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: THOMPSON, BERZON, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Hector Horacio Perez–Valdivia petitions for review of the Board of Immigration Appeals' (BIA) order affirming an Immigration Judge's (IJ) decision ordering him removed. Perez–Valdivia contends that he is not removable under INA (Immigration and Nationalization Act) section 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii), because his conviction for spousal rape in violation of California Penal Code section 262(a) does not consti-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

tute an "aggravated felony" as defined in INA section 101(a)(43)(F), 8 U.S.C. § 1101(a)(43)(F). Perez–Valdivia also asserts that his due process rights were violated because the Notice to Appear (NTA) did not list the applicable subsection of the definition of "aggravated felony" and the IJ did not properly apprise Perez–Valdivia of the consequences of conceding removability. We dismiss the petition in part for lack of jurisdiction and deny it in part.

 Perez–Valdivia does not contest the IJ's finding that his conviction for corporal injury to a spouse in violation of California Penal Code section 273.5(a) constitutes an aggravated felony. Therefore, Perez–Valdivia has waived the issue of whether his corporal injury to a spouse conviction constitutes an aggravated felony. See Collins v. City of San Diego, 841 F.2d 337, 339 (9th Cir.1988) ("It is well established in this Circuit that claims which are not addressed in the appellant's brief are deemed abandoned."); see also FED. R.APP. P. 28(a)(9)(A) (requiring that appellant's brief contain "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies").

The corporal injury to a spouse ground is sufficient for Perez–Valdivia to be removable as an aggravated felon under INA section 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii). Because that ground for removal is unchallenged, we lack jurisdiction over Perez–Valdivia's petition for review of the BIA's decision ordering his removal for spousal rape, which also constitutes an aggravated felony prompting removal. See INA § 242(a)(2)(C), 8 U.S.C. § 1252(a)(2)(C) ("Notwithstanding any other provision of law ... no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in ... [8 U.S.C. § ] 1227(a)(2)(A)(iii) ...."); see also Alvarez–Santos v. INS, 332 F.3d 1245, 1251 (9th Cir.2003); Flores–Miramontes v. INS, 212 F.3d 1133, 1135 (9th Cir.2000).

Perez–Valdivia's due process rights were not violated.[1] The NTA was quite clear and reasonably calculated to apprise Perez–Valdivia of "[t]he charges against [him] and the statutory provisions alleged to have been violated." INA § 239(a)(1)(D), 8 U.S.C. § 1229(a)(1)(D); see also Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950). The IJ also expressly informed Perez–Valdivia that he could be removed if he admitted the allegations and charges. Perez–Valdivia has not shown that he was prejudiced by either alleged error. See Cano–Merida v. INS, 311 F.3d 960, 965 (9th Cir.2002). Accordingly, we deny Perez–Valdivia's petition regarding his due process claims.

**PETITION FOR REVIEW DISMISSED IN PART FOR LACK OF JURISDICTION AND DENIED IN PART.**

---

1. We retain jurisdiction over Perez–Valdivia's due process claims. See INA § 242(a)(2)(D), 8 U.S.C. § 1252(a)(2)(D) ("Nothing in [8 U.S.C. § 1252(a)(2) ](B) or (C), or in any other provision of this chapter (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of *constitutional claims* or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section." (emphasis added)); see also Ramadan v. Gonzales, 427 F.3d 1218, 1221 (9th Cir.2005) (stating that 8 U.S.C. § 1252(a)(2)(D) "restores jurisdiction previously precluded, at least insofar as a petition for review raises constitutional claims or questions of law").