**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Alonzo Martin VUKSINICH–ALMADA,**
**Defendant–Appellant.**

**No. 05–10287.**

United States Court of Appeals,
Ninth Circuit.

Submitted May 20, 2008.*

Filed May 22, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

Lauren Ann Anaya, USTU–Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Before: PREGERSON, TASHIMA and GOULD, Circuit Judges.

MEMORANDUM **

Alonzo Martin Vuksinich–Almada appeals from the 70–month sentence imposed following his guilty-plea conviction for illegal reentry after deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Vuksinich–Almada contends that the district court erred by counting three criminal history points for his prior conviction for solicitation to unlawfully possess a narcotic drug. We conclude that the district court did not err because the record reflects that, after his probation was revoked, Vuksinich–Almada was sentenced to 510 days for the offense. *See* U.S.S.G. § 4A1.1; *see also United States v. Latim-*

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*er,* 991 F.2d 1509, 1516 (9th Cir.1993) (explaining that terms of imprisonment following revocation of probation are added to the original sentence for purposes of calculating length of prior sentence).

Vuksinich–Almada contends that the district court erred by adding criminal history points based on facts that were not proven to a jury beyond a reasonable doubt. We conclude that the district court did not err by determining that the record of the prior convictions demonstrated that Vuksinich–Almada was on supervised release at the time of the current offense and that he had been released from prison less than two years prior to the current offense. *See United States v. Grisel,* 488 F.3d 844, 847 (9th Cir.2007) (en banc).

In the opening brief, Vuksinich–Almada states that the district court erred by denying his motion for downward departure based on cultural assimilation, but fails to raise any arguments pertaining to this contention. This contention is therefore waived. *See Collins v. City of San Diego,* 841 F.2d 337, 339 (9th Cir.1988).

Finally, in his pro se supplement to the opening brief, Vuksinich–Almada contends that the district court erred by attributing three criminal history points each for two prior convictions that were not punishable as felonies under the Controlled Substances Act. We reject this contention because the district court is required to determine only the length of the sentence imposed and not the nature of the underlying conviction when calculating the criminal history score. *See United States v. Ellsworth,* 456 F.3d 1146, 1152 (2006).

We conclude that the district court did not commit any procedural error and that the sentence is reasonable. *See United*

*States v. Carty,* 520 F.3d 984, 991–96 (9th Cir.2008) (en banc).

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.