FILED

JUL 22 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

PAUL LEE DRIVER,

             Petitioner - Appellant,

  v.

JEN LANDERS, Lincoln County
Probation Officer and AARON FELTON,
Chair of the Oregon Board of Parole,

             Respondents - Appellees.

No. 10-35757

D.C. No. 6:07-cv-01344-TC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Thomas M. Coffin, Magistrate Judge, Presiding

Submitted June 9, 2011[**]
Portland, Oregon

Before: FISHER, GOULD, and PAEZ, Circuit Judges.

    Petitioner Paul Lee Driver was convicted in Oregon state court of three

counts of sexual abuse in the first degree. All three counts involved a child under

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

the age of 14. Driver appeals from the district court's order denying his 28 U.S.C.

§ 2254 habeas petition. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we

affirm.

Driver's petition is governed by the Antiterrorism and Effective Death

Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214. Therefore,

Driver must show that the last reasoned Oregon state court decision was "contrary

to, or involved an unreasonable application of, clearly established Federal law, as

determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

We review de novo the district court's denial of a habeas corpus petition. *Ali v.

Hickman*, 584 F.3d 1174, 1181 (9th Cir. 2009).

Driver contends that the state trial court violated his Sixth Amendment right

of confrontation when it excluded extrinsic evidence of the child-victim's prior

allegations of sexual abuse. We conclude that the district court correctly

determined that Driver was not entitled to habeas relief. Here, Driver does not

argue that he was denied the opportunity to confront the child-victim witness.

Indeed, Driver was able to cross-examine the child-victim directly about the

claimed prior allegation. Rather, Driver argues that the right of confrontation

guaranteed by the Confrontation Clause includes the right to present extrinsic

evidence of prior allegations of sexual abuse to impeach the child-victim witness's

credibility.  Under AEDPA, Driver must point to clearly established Supreme Court precedent to support this argument.

To support his claim, Driver relies primarily on *Davis v. Alaska*, 415 U.S. 308 (1974), *Delaware v. Van Arsdall*, 475 U.S. 673 (1986), and *Olden v. Kentucky*, 488 U.S. 227 (1988)(per curiam).  Although these cases recognize the general principle that a defendant has a right to cross-examine a complainant or another accusing witness, none discuss the admission of extrinsic impeachment evidence. In *Davis*, the Court explained that the right of confrontation "means more than being allowed to confront the witness physically," but that "[t]he main and essential purpose of confrontation is to secure for the opponent the opportunity of cross-examination."  415 U.S. at 315–16 (internal quotation marks and citation omitted).  There, the Court held that a defendant's Confrontation Clause rights were violated when he was prohibited from engaging in cross-examination that was designed to "expose to the jury the facts from which jurors . . . could appropriately draw inferences relating to the reliability of the witness."  *Id.* at 318.

In *Van Arsdall*, the Supreme Court found a Confrontation Clause violation where the trial court had "prohibited *all* inquiry into the possibility that [the witness] would be biased as a result of the State's dismissal of his pending public drunkenness charge."  475 U.S. at 679.  The Court therefore held that "a criminal

3

defendant states a violation of the Confrontation Clause by showing that he was prohibited from engaging in otherwise appropriate cross-examination designed to show a prototypical form of bias . ." *Id.* at 680

Finally, in *Olden*, the Supreme Court held that a trial court's refusal to allow the defendant to impeach the victim's testimony by cross-examining the victim about a possible motive to lie deprived him of his Sixth Amendment right to confrontation. 488 U.S. at 232. The Court emphasized the core of its holding in *Van Arsdall*, namely that a trial court should accord a criminal defendant a reasonable opportunity to conduct cross-examination that might undermine a witness's testimony. *Id.* at 231–32.

Contrary to Driver's assertion, these cases did not concern extrinsic evidence, but rather impeachment by cross-examination. The Supreme Court has never held that the Confrontation Clause requires, in addition to cross-examination, the admission of extrinsic evidence for the purpose of establishing a witness's motive to lie. The absence of any clearly established federal law vitiates a habeas claim under the AEDPA. *See Holley v. Yarborough*, 568 F.3d 1091, 1098 (9th Cir. 2009). Because Driver has failed to demonstrate that the state court's determination was "contrary to, or involved an unreasonable application of, clearly established Federal law," we affirm the district court's denial of habeas relief. 28

4

U.S.C. § 2254(d)(1); *Knowles v. Mirzayance*, 556 U.S. 111, 129 S. Ct. 1411, 1419 (2009); *see also Lockyer v. Andrade*, 538 U.S. 63, 70–71 (2003).

Finally, we note that on appeal, Driver does not challenge the district court's order dismissing his Compulsory Process Clause claim. We therefore conclude that the issue is abandoned. *See Collins v. City of San Diego*, 841 F.2d 337, 339 (9th Cir. 1988) ("It is well established in this Circuit that claims which are not addressed in the appellant's brief are deemed abandoned.").

**AFFIRMED.**